**Willie CHASE**

v.

**The STATE of Texas, Appellee.**

**No. 59502.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 15, 1978.

J. Manuel Banales, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Rene Whittle, Asst. Dist. Atty., Corpus Christi, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

Appellant was convicted of the offense of forgery. The jury found that he had been twice before finally convicted of felony offenses and the court assessed punishment at life imprisonment.

In this appeal the appellant raises two grounds of error, both of which deal with his contention that he was wrongfully placed in jeopardy again upon this trial. A recitation of the facts is not necessary in order to dispose of this appeal.

On June 28, 1977 appellant was convicted by a jury upon his plea of not guilty of the offense of forgery. Appellant gave timely notice of appeal to the Court of Criminal Appeals and filed a timely appellate brief with the trial court setting forth several grounds of error. In his second ground of error the appellant complained that

"The trial court erred in denying appellant's timely motion for instructed verdict at the close of the State's case for the reason that the evidence is wholly insufficient as a matter of law to support a verdict of guilty."

Subsequent to the filing of the appellate brief by appellant, in accordance with the provision of Article 40.09, V.A.C.C.P., the trial court entered the following order:

"BE IT REMEMBERED that on this 5th day of Jan. A.D. 1978, the Court had before it the Record on Appeal in the above styled and numbered cause. Pursuant to ARticle [sic] 40.09, Section 12, V.A.C.C.P. the Court finds that the Appellant's ground of error No. 2 in his appellate brief is correct.

It Is Therefore Ordered that the Appellant, Willie Chase, in the above styled and numbered cause, is hereby granted a new trial.

Vernon Harville /s/
JUDGE PRESIDING

It is now the appellant's contention that a judgment of acquittal should have been entered and that he should not have been retried because the new trial was granted upon a determination that the evidence was insufficient to support the verdict of guilty. The State takes the position that the prior decisions of this Court authorize the retrial of the accused any time a new trial is granted at his own request. See *Colunga v. State*, 527 S.W.2d 285 (Tex. Cr.App.1975). Although the State's contention is correct as to the prior decisions of this Court, it should be noted that on June 14, 1978 the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), held that where an appellate court determines as a matter of law that the evidence is insufficient it is a violation of the double jeopardy provision of the United States Constitution to remand such a cause to the trial court for retrial. The reasoning of that Court was based upon the simple proposition that if the evidence was insufficient the trial judge should not have submitted the cause to the jury for its consideration, and even if improperly submitted to the jury, the jury should have acquitted. As to the question of retrial after a determination of insufficiency of evidence by the appellate court it was noted

". . . such an appellate reversal means that the government's case was so lacking that it should not have been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous—it is difficult to conceive how society has any greater interest in retrying a defend-

ant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty."

If the evidence was insufficient as a matter of law and the jury should have returned a verdict of acquittal the double jeopardy provision of the United States Constitution prohibits a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to present at the first proceeding.

■ It would appear that the same reasoning would apply to the instant case. The appellate process was invoked and the trial court was called upon to review the sufficiency of the evidence which had been presented to the jury in the first trial. When the trial judge determined that the evidence was insufficient as a matter of law to sustain the guilty verdict he in effect determined that the evidence was so deficient that the question should not have even been submitted to the jury in the first instance.[1] Since the jury in the first trial was not authorized to return a verdict of guilty, as a matter of law, it should have acquitted the appellant on the first trial. Such an acquittal would have been accepted by all as within the proper function of the jury in that trial. Since the trial judge subsequently determined that this should have been done, as a matter of law, this appellant should not have been subjected to a retrial.

■ It was therefore error for the trial court to overrule the appellant's plea of former jeopardy in this cause. The judgment of conviction is reversed and this cause is remanded to the trial court for entry of a judgment of acquittal.

---

1. The standard for review by the trial court on sufficiency of the evidence is not to consider whether or not he believes or disbelieves any witness, but merely to determine whether or not, in looking at the evidence in a light most favorable to sustain the verdict, there is any evidence which the jury could have believed in arriving at such a verdict. This is the same standard of review by which this Court reviews sufficiency of the evidence. *Rogers v. State*, 550 S.W.2d 78 (Tex.Cr.App.1977); *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977).