**William Charles CASTLEBERRY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–82–0523–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 27, 1983.

State's Petition for Discretionary Review Granted May 4, 1983.

Appellant's Petition for Discretionary Review Refused May 4, 1983.

**600**

Brian Wice, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before DUGGAN, JACK SMITH and LEVY, JJ.

OPINION

DUGGAN, Justice.

After a jury convicted appellant of the offense of burglary of a habitation, the trial court heard appellant's plea of "true" to the enhancement allegation of the indictment, found the allegations of the indictment to be true and assessed appellant's punishment at 20 years confinement.

In an earlier trial under the indictment pursuant to a plea bargain agreement, the prosecutor had moved to abandon the enhancement paragraph and had recommended punishment of 12 years confinement in exchange for appellant's plea of no contest to the primary offense. The trial court approved the agreement, accepted appellant's plea, heard the stipulated evidence, adjudged appellant guilty, and assessed the agreed punishment. Appellant thereafter filed a motion for a new trial, which the court granted. The present jury trial followed, with the jury conviction and enhanced punishment assessed by the court, from which appellant now appeals.

Appellant's two grounds of error contained in his original and supplemental briefs do not raise insufficiency of the evidence, and a statement of the facts surrounding the offense is unnecessary in our consideration of the appeal.

In his first ground of error, appellant argues the trial court erred in sentencing him to twenty years confinement after it had earlier sentenced him to twelve years before granting a new trial. This was in error under the holdings of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *Ex Parte Bowman*, 523 S.W.2d 677 (Tex.Cr.App.1975), and the recent Texas Court of Criminal Appeals decision of *Palm v. State*, No. 67,133 (Tex. Cr.App. October 7, 1981, motion for rehearing pending). The State concedes that this case is governed by *Palm*.

As stated in *Pearce*,

In order to assure the absence of such a motivation [vindictiveness by the judge against a defendant for having successfully attacked his earlier conviction], we have concluded that whenever a judge

imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. (Emphasis added).

395 U.S. at 725, 726, 89 S.Ct. at 2080, 2081. The record before us does not indicate any factors which may have occurred after the time of the original sentencing, and which were considered by the trial judge as the basis for his enhanced punishment. In both *Bowman* and *Palm,* the appropriate relief was a remand for the assessment of punishment by the trial court in accordance with the requirements of *Pearce,* and this course of relief will be followed in the instant case. Appellant's first ground of error is granted.

Appellant's second, or supplemental, ground of error contends that the trial court erred in compelling him to stand trial in the instant case, inasmuch as double jeopardy prohibited a new trial after the court once granted his motion for new trial on the grounds that the verdict was "contrary to the law and the evidence." We note that appellant's motion urged that the *judgment,* not the *verdict,* was "contrary to the law and the evidence."

■ Prior to the decision of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), Texas case law held that double jeopardy did not attach if a new trial was granted at the defendant's request. See *Palm. Burks,* however, created an exception where the evidence at the original trial was determined, as a matter of law, to be insufficient to sustain the conviction. See *Chase v. State,* 573 S.W.2d 247 (Tex.Cr.App.1978). Where insufficiency of the evidence is not at issue, or is not found in a review of the trial record, the earlier case law rationale will still apply. See *Palm.*

■ Appellant asserts that the only ground urged in his motion for new trial was "that the judgment of the Court is contrary to the law and the evidence," and that his motion was "in all things" granted by the Court's order. He argues that the phrase "contrary to the law and the evidence" is a term of art which must be exclusively interpreted to mean contrary to the law *as applied to* the evidence, or as a finding of insufficiency of the evidence. No authority is cited for this interpretation. For us to so conclude requires that we accept appellant's subjective interpretation of his conclusory motion, when nothing in the record indicates why the trial court granted appellant's motion, or what, in fact, were its findings concerning sufficiency of the evidence. We decline to do so.

While appellant cites *Chase* as authority in his favor, that decision is not in point. In *Chase,* the trial court expressly stated in its order granting a new trial that the evidence was insufficient as a matter of law to sustain the conviction. The Court of Criminal Appeals then held that, under such circumstances, any further trial would be barred by double jeopardy.

To interpret the wording of appellant's motion for new trial as an affirmative finding of insufficient evidence would ignore the requirement of specificity set out in *Chase,* and would set an undesirable precedent in approving ambiguity and vagueness in pleadings. Appellant's second ground of error is overruled.

The cause is ordered remanded to the trial court for assessment of punishment in accordance with the requirements of *North Carolina v. Pearce.*