**Anna WILLIAMS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–011–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 4, 1984.

Rehearing Denied Oct. 25, 1984.

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction by a jury for the offense of injury to a child by criminal negligence. Punishment was assessed at one year in the County Jail, probated. Appellant brings forth several grounds of error, among which she challenges the sufficiency of the evidence to support the conviction. Appellant also asserts that the trial court erred in denying her motion that the State elect on which count to proceed, in submitting the lesser included offense of criminal negligence, and in refusing to apply the defense of mistake of fact to the offense of criminal negligence. We affirm.[1]

---

1. Tex.Penal Code Ann. § 22.04 (Vernon Supp. 1984) provides:

 (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger or to an individual who is 65 years of age or older:
 (1) serious bodily injury;
 (2) serious physical or mental deficiency or impairment;
 (3) disfigurement or deformity; or
 (4) bodily injury.

The evidence shows that appellant lived with the father of the child, Jeffrey Guidrey, in the home of his relatives. Guidrey testified that, about 5:00 a.m. on March 21, 1983, their one year old baby awoke and needed his diaper changed. He found it necessary to bathe the child so he placed the child in the tub, turned on the cold and hot water, and left it running while he went to get a clean diaper and nightshirt. When he returned, the water was steaming hot and the child had suffered severe burns to his stomach, on his bottom, and in the groin area. Some of the skin was falling off. He put some Unguentine ointment on the baby and told appellant that the baby had suffered some burns. Appellant saw the baby's skin coming off his bottom and was informed by Guidrey that he had applied ointment on the baby. Both appellant and Guidrey testified that the child went back to sleep after having a bottle and woke up at 8:00 a.m. Appellant said that she did not re-check the baby, but gave him another bottle and that the child went back to sleep. Appellant and Guidrey got up around 11:00 a.m. Guidrey's step-father saw the child after being informed about the burns by a younger son and suggested that the baby be taken to the hospital. The child was admitted to the Driscoll Children's Hospital about 12:00 noon.

When the child arrived at the hospital, the diaper was stuck to his body and he was in severe pain. He was given medication to reduce the pain. The burns were classified as first and second degree burns—the skin came off at the touch.

Appellant and Guidrey were indicted jointly in a four count indictment alleging different culpable mental states and severity of injuries:

*Count I:* alleged intentional and knowing conduct that caused serious bodily injury by pouring hot liquid on the child;

*Count II:* alleged reckless conduct causing serious bodily injury by pouring hot liquid on the child;

*Count III:* alleged reckless conduct by a parent causing serious bodily injury by failing to provide such medical assistance as needed; and

*Count IV:* alleged intentionally and knowingly causing bodily injury by a parent by failing to provide such medical assistance as needed.[2]

The court submitted the case to the jury with the different culpable mental states of intentionally or knowingly causing bodily injury by a parent failing to provide such medical care as was needed, and also on the lesser culpable mental states of reckless conduct and criminal negligence.

Whether the child turned off the cold water and accidentally scalded himself, or whether the father intentionally poured hot water on the child was unresolved at the time of appellant's trial. However, by their verdict, the jury found that appellant was guilty of causing bodily injury to her child in that she failed to provide medical care for the child when such care was needed. The jury apparently felt that the delay of several hours between when the father showed appellant the burns and when the child was taken to the hospital later that morning for treatment was criminal negligence.

■ This is a circumstantial evidence case. When considering the sufficiency of the evidence, we view it in the light most favorable to the verdict, and will uphold the conviction only if a rational trier of fact

(b) An offense under Subsection (a)(1), (2), or (3) of this section is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a felony of the third degree.

(c) An offense under Subsection (a)(4) of this section is a felony of the third degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a Class A misdemeanor.

(d) An offense under Subsection (a) of this section when the person acts with criminal negligence shall be a Class A misdemeanor.

2. Tex.Code Crim.Proc.Ann. art. 21.15 (Vernon Supp.1984) provides that the act or acts relied upon to constitute recklessness or criminal negligence must be alleged with reasonable certainty.

could have found the essential elements of the offense beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim. App.1983); *Vaughn v. State*, 607 S.W.2d 914 (Tex.Crim.App.1980).

### Election

 In her first ground of error, appellant alleges the court erred in denying her motion that the State elect which count of the indictment upon which it would proceed. The indictment, in four counts, alleged the same offense, i.e., injury to a child. "[W]here the same act or transaction is charged in different counts which are phrased differently in order to meet possible variations in proof, the State is not required to elect." *Floyd v. State*, 164 Tex.Cr.R. 50, 296 S.W.2d 523, 528 (1956). Appellant's first ground of error is overruled.

### Suppression-Oral Statements

In her second ground of error, appellant alleges the court erred in refusing to suppress evidence of oral statements made to an employee of the Texas Department of Human Resources who investigated the alleged child abuse.

 From appellant's pre-trial motion, *see* TEX.CODE CRIM.PROC.ANN. art. 40.-09 6.(d)(3) (Vernon Supp.1984), and her brief, we understand her complaints to be that the statements:

(1) were taken when she was under arrest or substantially deprived of her freedom;

(2) were involuntary, coerced, and enticed;

(3) would not have been given had she not been deprived of her right to counsel; and

(4) were procured in the absence of any *Miranda* warnings.

A hearing was held on appellant's motion; however, there are neither findings by the court nor is there any statement in the record of the reason the motion was overruled. Notwithstanding these shortcomings, we need not abate the appeal, for absent custodial interrogation, a hearing on the voluntariness of any statement is not required. *LaPoint v. State*, 650 S.W.2d 821, 825 (Tex.Crim.App.1983).

In our opinion, the determinative issue on appeal is whether appellant was "in custody" at the time she made the oral statements. There is no well-defined rule to distinguish custodial interrogation from non-custodial interrogation; rather, the approach of the Court of Criminal Appeals is to review the evidence in each case in light of all the surrounding circumstances. *McCrory v. State*, 643 S.W.2d 725, 726–27 (Tex.Crim.App.1982).

 Significant factors to be considered in determining whether a defendant is in custody are:

(1) probable cause to arrest;

(2) subjective intent of the police;

(3) focus of the investigation; and

(4) subjective belief of the defendant. *LaPoint v. State*, 650 S.W.2d 821, 824 (Tex. Crim.App.1983); *McCrory*, 643 S.W.2d at 733. Of these four, the significance of whether the focus of the investigation had finally centered on the defendant is of special importance. *See Newberry v. State*, 552 S.W.2d 457, 461 (Tex.Crim.App.1977).

In applying this "all circumstances extant" test, we observe that the Court of Criminal Appeals has stated: "Clearly this is the best rule, encompassing the most meaningful criteria for consideration of the issue. The courts cannot be expected to decide cases solely on the basis of self-serving statements by the defendant or the interrogating officer." *McCrory*, 643 S.W.2d at 733. However, in our case, we are hampered in making a determination, for we have no other testimony save that of the child welfare worker. Appellant offered no testimony at the hearing, despite an absolute right to do so for the limited purpose of contesting the voluntariness of her statements, *see Horne v. State*, 508 S.W.2d 643, 646 (Tex.Crim.App.1974); *see also Myre v. State*, 545 S.W.2d 820, 825 (Tex.Crim.App.1977), and though she testified at trial, the circumstances surrounding

her statements to the child welfare worker were not explored.

Thus, we turn to the testimony at the pre-trial hearing of Mr. Onofre Garza, the child welfare worker with the Texas Department of Human Resources who investigated this abuse. Garza testified that he interviewed appellant at Driscoll Hospital on April 4, 1983, in response to a report of suspected abuse received April 1, 1983. Garza stated that he told appellant who he was and informed her that he wanted to speak with her about how her son was burned. Garza stated that he never attempted to prevent appellant from leaving or refusing to speak with him, and further testified that she was free to terminate the conversation at any time.

Concerning the important "focus of the investigation" issue, Garza testified that the purpose of the interview was to find out how the child was burned. He stated that he spoke with appellant to determine whether some action was needed to protect the child, not to gather evidence for a possible prosecution by the district attorney's office.

■ Balancing the relevant factors in the context of all the facts and circumstances shown, *see LaPoint*, 650 S.W.2d at 825, we hold that appellant was not "in custody" at the time of her declarations. Accordingly, the statements complained of did not stem from custodial interrogation, and warnings were not required. *Id.* The trial court committed no error by admitting appellant's oral declarations.

In reaching this conclusion we have applied the test fashioned to assay the conduct of law enforcement officers. Garza testified that he had no authority to make an arrest. In light of our conclusion that appellant was not "in custody," we express no opinion on whether Garza was under any duty to administer *Miranda* warnings to appellant. *See Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Crim.App.1964) (test for meaning of "person in authority").

Appellant's second ground of error is overruled.

### Instructed Verdict

In her third ground of error, appellant alleges the trial court erred in denying her motion for instructed verdict that she made after the close of all the evidence. Appellant argues that the State failed to prove that she was reckless or that the child sustained any serious bodily injury or serious physical impairment.

In *Chase v. State*, 573 S.W.2d 247 (Tex. Crim.App.1978), the Court of Criminal Appeals was presented with a double jeopardy issue that arose when the trial court granted the defendant a new trial after agreeing with defendant that the court erred in denying defendant's motion for instructed verdict. Concerning the issue of the trial court's determination of whether the evidence was insufficient as a matter of law to sustain a guilty verdict, the Court of Criminal Appeals said:

> The standard for review by the trial court on sufficiency of the evidence is not to consider whether or not he believes or disbelieves any witness, but merely to determine whether or not, in looking at the evidence in a light most favorable to sustain the verdict, there is any evidence which the jury could have believed in arriving at such a verdict. This is the same standard of review by which this Court reviews sufficiency of the evidence.

573 S.W.2d at 249 n. 1.

■ Though *Chase* dealt with post-verdict review of the evidence, we hold that the same standard of review applies to a motion made at the close of the evidence. The test remains the same: Is there any evidence which the jury could believe that would support a verdict of guilty? If there is such evidence, then an issue of fact is raised that presents a question for the jury, not a matter of law for the court. *See McKenzie v. State*, 617 S.W.2d 211, 218 (Tex.Crim.App.1981).

We turn then to the evidence to determine whether the court erred in refusing appellant's motion for instructed verdict. At the outset, we observe that appellant

places heavy reliance upon the testimony of the doctor she called as a defense witness. Appellant also concludes that, after cross-examination of the State's medical witness, careful analysis and examination reveals that the prosecution's case comes up short.

■ As previously stated, when the sufficiency of the evidence is challenged, this Court is required to view the evidence in the light most favorable to the verdict. Also, the jury, as sole trier of the facts, was entitled to accept or reject any or all the testimony and to determine the weight to be given that testimony. *Lombardo v. State,* 503 S.W.2d 780, 782 (Tex.Crim.App. 1974).

Against these heavy burdens, we examine appellant's complaints. Appellant sought to establish at trial that she was not aware of the severity or extent of the burns and that the baby went to sleep when given a bottle. The testimony of the doctor called by the State, Dr. Kepp, was that regardless of the diaper area that would be obscured or covered, there was an equal area of burns above the diaper from just below the chest margin on down. Concerning the alleged dress of the child, the jury would be entitled to reject the testimony that the burns were obscured when the father diapered the baby and put a nightshirt on it. Finally, concerning the matter of whether the baby went to sleep and whether this prevented appellant from finding out about the severity of the burns, the State's doctor testified that the latter proposition was "not within my realm of experience or reason." The implication being that with such severe burns, the baby would have been constantly crying with severe pain. We hold the evidence was sufficient to submit the issue of whether appellant acted recklessly.

■ Concerning appellant's argument that the evidence is insufficient to show the child sustained any serious bodily injury or serious physical impairment, the State elicited the following response from Dr. Kepp: "There is certainly severe bodily injury with this in regard to that would have a good bit of scarring from the burn."

There was also testimony that skin was falling off the burned area when the baby arrived at the hospital, and numerous photographs depicting the injury were introduced as evidence. The doctor also testified that immediate treatment of such burns is critical because of fluid and protein losses through the burns and because of the possibility of infection. The child developed pneumonia and a urinary infection. We hold that the evidence was sufficient to inquire of the jury whether the child's thirty-day stay in the hospital was the result of serious bodily injury. Appellant's third ground of error is overruled.

In her fourth ground of error, appellant complains that the trial court erred in refusing her second motion for instructed verdict as to Count IV of the indictment.

Count IV provided as follows:

Anna Williams did then and there intentionally and knowingly cause bodily injury to Patrick Wayne Williams, a child younger than 14 years of age, by failing to provide medical care for Patrick Wayne Williams when such care was needed; that defendant was then the natural parent of Patrick Wayne Williams and was legally obligated to provide such care; and that the defendant was then able to provide such care ....

Appellant's ground of error stems from the following remarks by the State in closing argument:

Of course, you will have probably reviewed the Court's charge. You-all know what the mental state is that you are looking at. Once you have done that, I submit to you that the evidence does not prove beyond a reasonable doubt that the Defendant is guilty of intentionally or knowingly causing the injury. I submit to you that you will scratch paragraph number six off as I have done in my charge. The evidence is not there to support that.

Paragraph six of the charge was as follows:

If you find from the evidence beyond a reasonable doubt that the defendant,

Anna Williams, on or about March 31, 1983, in Nueces County, Texas, did then and there intentionally or knowingly cause bodily injury to Patrick Wayne Williams, a child younger than 14 years of age, by failing to provide medical care for Patrick Wayne Williams when such care was needed; that the defendant was then the natural parent of Patrick Wayne Williams and was legally obligated to provide such care, then you will find the defendant guilty of injury to a child under paragraph 6. If you do not so find, or if you have a reasonable doubt thereof, you will find the defendant not guilty under paragraph 6, and you will then consider paragraph 7.

■ In her brief, appellant argues: "If the State were indeed candid and correct about that observation before the jury, and surely the State would not utter representations unless genuinely and honestly made, then the same observation would be equally binding upon the Court." Appellant cites no authority for her proposition that remarks made by the State's attorney during closing argument are binding upon the trial court.

In our opinion, the charge of the court should be based on the evidence, not on the opinion of counsel. Furthermore, the remark brought forward as grounds for reversal was addressed to the jury, not to the court.

We have previously set out what we believe to be the proper test for examining the court's action in granting or denying a motion for directed verdict. Applying that test to appellant's second motion, we find there was sufficient evidence to submit a fact question to the jury of whether appellant acted intentionally or knowingly.

Garza testified that the pattern of the burn on the child was not consistent with the explanation of the parents of how it was inflicted. Dr. Kepp also testified that he thought the incident was no accident, and suggested the mother of an abused child may say nothing because of fear, of or threats from, the one who actually injured the child.

In light of this testimony, we cannot say that the issue of whether appellant may have intentionally or knowingly failed to seek medical care for her child when that care was needed should not have been submitted to the jury. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error is an argument premised on a supposition that this Court would sustain her fourth ground of error. The gist of her ground of error is that, since Count IV of the indictment, as embodied in paragraph six of the charge, should not have been submitted, all lesser included offenses, i.e., the paragraph of the charge that appellant was convicted of, should also have been excluded.

■ In that we have overruled appellant's fourth ground of error, we also overrule ground of error number five. Appellant was convicted of bodily injury to child by criminal negligence. That offense is a lesser included offense of the offense alleged in Count IV of the indictment in that it differs only in the respect that a less culpable mental state suffices to establish its commission. TEX.CODE CRIM.PROC. ANN. art. 37.09(3) (Vernon 1981); *see* *Sanders v. State*, 664 S.W.2d 705, 709 (Tex. Crim.App.1982).

### Jury Note

In her sixth ground of error, appellant alleges: "The trial court abused its discretion, and so erred, in arbitrarily and incompletely responding to a note from the jury regarding the 'skin hanging' testimony of appellant."

During its deliberations on guilt or innocence, the jury sent a note to the trial court that apparently said "skin hanging statement." The note was not included in the record.

In response, the Court had testimony read to the jury. We quote the testimony as it appears in the statement of facts:

Whereupon, the court reporter read the following portion of the Defendant's testimony to the jury:

"Q All right, now, let's go back to March 31st of 1983, and tell the jury what you remember of those early morning hours of that day.

A When Jeffery brought Patrick in there to me?

Q Yes.

A Well, after it happened, I was in bed asleep the whole time, and Jeffery brought Patrick back to bed, and he said he had got burned, and I looked at Patrick, and there was a piece of skin off his behind..."

Appellant objected at trial and now complains on appeal that the court should not have stopped in mid-sentence. Appellant argues that at the very least, the court should have submitted the complete answer of appellant which was as follows:

A Well, after it happened, I was in bed asleep the whole time, and Jeffery brought Patrick to bed, and he said he had got burned, and I looked at Patrick, and there was a piece of skin off his behind, and Jeffery told me he had put ointment on him, and he went to get him a bottle.

TEXAS CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981) provides:

In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes *that part of such witness testimony or the particular point in dispute, and no other* .... (Emphasis added.)

In the instant case, that part of the testimony that the jury requested was read. That portion advanced by appellant concerned ointment.

■ Furthermore, the court prefaced the reading with the following remark:

Of course, if I have misconstrued your intention, and you refer to some other statement, then if you will, so indicate to me. But this is my interpretation, if you will, of your note.

The court must decide, in its discretion, what sections of the testimony will best answer the query, and limit the testimony accordingly. *Iness v. State*, 606 S.W.2d 306, 314 (Tex.Crim.App.1980). We hold there was no abuse of the court's discretion. Appellant's sixth ground of error is overruled.

*Criminal Negligence*

■ In her seventh and eighth grounds of error appellant complains of the court's charge, arguing that the court erred in submitting lesser included offenses based on the culpable mental state of criminal negligence. Appellant argues there was "no evidence that appellant *ought* to have been aware of a substantial and unjustifiable risk."

TEX.PENAL CODE ANN. § 6.03(d) (Vernon 1974) states that a person acts with criminal negligence or is criminally negligent "with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." What appellant should or should not have been aware of was a jury question. *Dillon v. State*, 574 S.W.2d 92, 95 (Tex. Crim.App.1978).

Appellant's seventh and eighth grounds of error are overruled.

*Defense of Mistake of Fact—Criminal Negligence*

In her ninth ground of error, appellant alleges the court erred in refusing her request to apply the defense of mistake of fact to the lesser included offense of injury to a child by criminal negligence.

Appellant's criminal liability was submitted to the jury by paragraphs four, five, six, seven, and eight of the charge as follows:

| | |
|---|---|
| 4 recklessly | serious bodily injury or serious physical impairment |
| 5 criminal negligence | serious bodily injury or serious physical impairment |
| 6 intentionally or knowingly | bodily injury |

7 recklessly bodily injury
8 criminal negligence bodily injury

The court submitted the defense of mistake of fact, but specifically limited it to paragraphs four, six, and seven of the charge.[3]

The testimony in this case did raise the issue of whether appellant through mistake of fact formed a reasonable belief that the infant was not in need of immediate medical care. In the light most favorable to appellant, the evidence was that she was aware of only a small red area, that the child's father had treated the small spot with a burn salve, and that the baby went to sleep with a bottle.

It is well established that appellant was entitled to an instruction on every issue raised by the evidence, whether produced by the State or the appellant, and whether the evidence was strong, weak, unimpeached, or contradicted. *Montgomery v. State*, 588 S.W.2d 950, 952 (Tex.Crim.App. 1979). "The issue on appeal is not whether appellant's story is true or even believable. That issue is exclusively for the jury as trier of fact." *Id.*

Thus, the issue before us is whether the defense of mistake of fact is available as a defense to negate the culpable mental state of criminal negligence.

Texas Penal Code Ann. § 6.03 (Vernon 1974) defines culpable mental states:

(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person

would exercise under all the circumstances as viewed from the actor's standpoint.

On appeal, the State argues that:

Mistake of fact applies when the actor consciously disregards the consequences of his or her actions as a result of a mistake of fact. The actor is aware of a risk, but because of his mistake of fact he disregards the risk. In criminal negligence, the actor is not even aware of the risk. Whether or not he makes a mistake as to fact, he is still not aware of the risk and his mistake plays no part in his negligence.

 A person who acts on the basis of a negligently formed belief that turns out to be mistaken acts negligently. It is illogical to give this defense in a criminal negligence case because mistake of fact is already factored into the definition of criminal negligence. Criminal negligence is an inadvertent risk creation; it does not require consciousness of the risk but inquires of the fact finder whether the actor ought to have been aware of the risk. *See* Searcy and Patterson, Practice Commentary, Tex. Penal Code Ann. § 6.03 & § 8.02 (Vernon 1974). Appellant's conduct is weighed against an objective standard, that of the ordinary prudent man. Therefore, by its very nature, the defense of mistake of fact is incongruous with the definition of criminal negligence.

Our case is distinguishable from *Beggs v. State*, 597 S.W.2d 375 (Tex.Crim.App.1980). In that case, appellant was apparently convicted of intentionally and knowingly engaging in conduct that caused serious bodily injury to a child when the child was scalded with bath water. Appellant had testified that she mistakenly believed that the water was normal, but the trial court refused to give to the jury a requested instruction of mistake of fact. The Court of Criminal Appeals held that this was er-

---

**3.** Tex.Penal Code Ann. § 8.02 (Vernon 1974) provides:

(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

(b) Although an actor's mistake of fact may constitute a defense to the offense charged, he may nevertheless be convicted of any lesser included offense of which he would be guilty if the fact were as he believed.

ror. However, in our case, the trial court *did* charge the jury on the defense of mistake of fact as to the culpable mental states of intentional, knowing, or reckless conduct, but not as to criminal negligence. We believe that the trial court action was proper.

In summary, whether one should have been aware of the risk is a conclusion to be drawn by the trier of fact from inferences drawn from all the circumstances of the case. All twelve jurors were satisfied beyond a reasonable doubt that appellant should have been aware of the seriousness of the injury and not waited seven hours before seeking professional medical assistance. We cannot say that a rational trier of fact, from the evidence in this record, could not conclude that appellant's negligence unnecessarily caused the child seven hours of excruciating pain. Appellant's ninth point of error is overruled.

The judgment of the trial court is AF-FIRMED.[4]

---

**4.** This case is a good illustration of the problems encountered in criminal negligence cases. It is debatable whether criminal negligence provides a workable and a rational basis upon which to predicate criminal sanctions. *See,* Comment, *Negligence: A Reappraisal of its Validity as a Basis for Criminal Liability and Sanction,* 20 S.Tex.L.J. 179 (1979).