Opinion issued July 28, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00611-CR




BOOKER THOMAS BONNER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court of Law
Austin County, Texas
Trial Court Cause No. 02CR23017




MEMORANDUM OPINION 

          A jury convicted appellant, Booker T. Bonner, Jr., of criminal mischief. 
Thereafter, the trial court granted Bonner’s request for a new trial. Before the second
trial, Bonner petitioned for a writ of habeas corpus, contending that the Double
Jeopardy Clause barred the State from re-prosecuting him. The trial court denied the
petition. We hold that Bonner fails to establish that the trial court’s basis for granting
him a new trial was the State’s failure to present legally sufficient evidence, and thus
the trial court did not err in denying his application for a writ of habeas corpus. We
therefore affirm. Facts
          The State charged Bonner with criminal mischief, a class A misdemeanor,
alleging that he tampered with water lines owned by Ervan Hatton. The complaint
stated:
[O]n or about JULY 24, 2002, in Austin County, Texas, BOOKER
THOMAS BONNER, JR. did then and there intentionally or
knowingly tamper with tangible property, to-wit: WATER LINES,
without the effective consent of E. HATTON, the owner of said
property, and did then and there intentionally or knowingly cause, in
whole or in part, impairment or interruption of public water supply, by
blocking the City of Wallis Public Works Department from installing
public water lines onto E. Hatton’s property. 

(Emphasis in original). In June 2003, a jury found Bonner guilty as charged. 
          Bonner moved for a new trial, alleging that the jury’s verdict was “contrary to
the law and the evidence.” After conducting a hearing, the trial court granted
Bonner’s motion, without stating its reasoning. 
          Bonner then moved for entry of verdict of acquittal, contending that the trial
court had granted him a new trial on the basis of insufficient evidence, and thus the
Double Jeopardy Clause precluded a second trial. Bonner also filed a “Special Plea
of Double Jeopardy,” on the same basis. The trial court denied these motions, stating:
“the Court does not grant an acquittal and this case will be retried.” 
          Bonner also applied for a writ of habeas corpus, again claiming that the trial
court had granted him a new trial on the basis of legally insufficient evidence, and
thus any further prosecution would violate the Double Jeopardy Clause of the Fifth
Amendment to the United States Constitution. On March 24, 2004, the trial court
signed an order denying the application. Bonner appeals the trial court’s denial of his
application for writ of habeas corpus. 
DiscussionA. Standard of Review
          In a habeas corpus proceeding, the applicant has the burden to prove his claims
by a preponderance of the evidence. Ex parte Peterson, 117 S.W.3d 804, 818 (Tex.
Crim. App. 2003) (per curiam). In reviewing the trial court’s ruling on an application
for writ of habeas corpus, we view the facts in the light most favorable to the ruling.
Id. at 819. The trial court’s ruling should not be overturned absent a clear abuse of
discretion. Id.; see also Ex parte Shutter, 868 S.W.2d 383, 387 (Tex. App.—Houston
[1st Dist.] 1993, pet. ref’d). We afford almost total deference to the trial court’s
determination of historical facts that are supported by the record. Peterson, 117
S.W.3d at 819. 
B. Double Jeopardy
          It is a defendant’s burden to establish a double jeopardy violation. Anderson
v. State, 635 S.W.2d 722, 725 (Tex. Crim. App. 1982). The Double Jeopardy Clause,
applicable to the states through the Fourteenth Amendment, protects a defendant
against a second prosecution for the same offense after acquittal or conviction. Bailey
v. State, 87 S.W.3d 122, 126 (Tex. Crim. App. 2002) (citing Brown v. Ohio, 432 U.S.
161, 164, 97 S. Ct. 2221 (1977) and North Carolina v. Pearce, 395 U.S. 711, 717, 89
S. Ct. 2072 (1969)).


 
          Jeopardy usually does not attach when a trial court grants a new trial at the
defendant’s request. Castleberry v. State, 646 S.W.2d 599, 601 (Tex. App.—Houston
[1st Dist.] 1983), overruled on other grounds at 704 S.W.2d 21; see also Martin v.
Spradley, 341 F.2d 89, 89 (5th Cir. 1965). An exception to this rule exists for a new
trial granted due to legal insufficiency of the evidence—should the evidence at the
original trial be determined, as a matter of law, to be insufficient to sustain the
conviction. Castleberry, 646 S.W.2d at 601; see also Hudson v. Louisiana, 450 U.S.
40, 43–45 101 S. Ct. 970, 972–73 (1981) (trial judge finding that State failed, as a
matter of law, to prove its case bars retrial on same charges).
          In contrast, if a new trial is granted for factual insufficiency of the evidence,
rather than legal insufficiency of the evidence, jeopardy does not attach. Castleberry,
646 S.W.2d at 601; see also Tibbs v. Florida, 457 U.S. 31, 42–43, 102 S. Ct. 2211,
2218–19 (1982) (reversal because judge concludes guilty verdict is against weight of
evidence “unlike a reversal based on insufficient evidence, does not mean that
acquittal was the only proper verdict”). A reversal of the verdict based on the weight
of the evidence “simply affords the defendant a second opportunity to seek a
favorable judgment.” Tibbs, 457 U.S. at 42–43, 102 S. Ct. at 2218–19.
          Here, the determination of whether jeopardy attaches to Bonner’s first trial thus
depends on the basis for the trial court’s granting of the new trial. If the trial court
granted Bonner’s motion because it found the evidence of guilt to be legally
insufficient, such a finding requires an acquittal. See Hudson, 450 U.S. at 43–45, 
101 S. Ct. at 972–73. If the trial court granted Bonner’s motion because it found
evidence to be factually insufficient—or for some other reason—then there is no bar
to retrial. See Tibbs, 457 U.S. at 42–43, 102 S. Ct. at 2218–19. 
C. Basis for Bonner’s New Trial
          Bonner’s motion for a new trial states that he should be granted a new trial:
[b]ecause the verdict is contrary to the law and the evidence, that by the
terms of the pleading in this cause the State was required to show
ownership by E. Hatton of “water pipes” tampered by Defendant, and
there was no such evidence offered or proved.

During the hearing on his motion, Bonner argued that the basis for his requested relief
was “the State’s failure to prove an element of ownership interest in the pipes
tampered with by Mr. Bonner.” The State responded that Hatton was in possession
of the property and that it had proved ownership through a community property
interest—by proving that Hatton’s wife had an ownership interest in the property.


 
          Here, the issue is whether the trial court’s granting of a motion that asserts that
“the verdict is contrary to the law and the evidence” is tantamount to a determination
of legal insufficiency. This court disposed of a similar double jeopardy claim in
Castleberry, 646 S.W.2d 599. The defendant in that case moved for a new trial on
the sole basis that the judgment was contrary to the law and the evidence. Id. at 601. 
The trial court granted the motion. The defendant similarly argued that the granting
of a new trial on the basis that the judgment was “contrary to the law and evidence”
constituted a finding of legal insufficiency of the evidence and, thus, that he had been
subjected to double jeopardy. Id. We held that the general wording in the
defendant’s allegations and in the trial court’s order was not enough to conclude that
the trial court found the evidence to be legally insufficient—to hold otherwise would
“set an undesirable precedent in approving ambiguity and vagueness in pleadings.” 
Id. 
          Here, not only does the order not state that the motion for a new trial was
granted on the basis of legally insufficient evidence, but the trial court previously had
rejected Bonner’s motion for directed verdict on the same basis. Thus, it is not
apparent from the record that the trial court granted the motion for new trial based
upon legal—rather than factual—sufficiency, the latter affording a new trial rather
than an acquittal. Viewing the facts in the light most favorable to the ruling and
deferring to the trial court’s determination of historical facts that are supported by the
record, we hold that the trial court did not err in finding that Bonner failed to prove
that its order granting his motion for a new trial was based on legal insufficiency;
Bonner therefore fails to establish that he was subject to double jeopardy.Conclusion
          We hold the trial court did not abuse its discretion in denying Bonner’s
application for writ of habeas corpus. We therefore affirm. 
 
 
                                                             Jane Bland
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).