4Vheei.ee, J.
The evidence appears clearly to have established the defendant’s guilt. As to his identity, that was established by the arraignment. The principal office of tiie arraignment is to fix tlie personal identity of the accused. Having been arraigned and pleaded to the indictment there was no necessity of other proof of iiis identity.
The fifth ground embraced in the motion for a new trial appears to have been an assumption of fact unsupported by anything contained ill tlie record. It cannot he pretended that the mere suggestion of a fact in the motion was to be received as evidence of the fact in the court below, or that it is to be so received in this court. Neither is the mere affidavit of the defendant, to tlie effect that his attorney omitted to make his defense in consequence of “tlie hurry and confusion of the proceedings,” to be received as proof of the fact. This ground for a new trial is not deemed of a character to require serious consideration.
4Ve sec no reason to apprehend that the defendant was deprived of any legal right on the trial, or that his defense was not urged by ills counsel, in every 'aspect of which it was susceptible, with an earnestness and zeal quite adequate to tlie occasion.
The conviction appears to have been legal and correct, and we are of opinion that tne judgment be affirmed.
Judgment affirmed.