ANDY O'CONNER v. THE STATE.

No. 17656. Delivered October 30, 1935.
Rehearing Denied January 8, 1936.

510

The opinion states the case.

*Donald & Donald,* of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

Omitting the formal averments, the indictment reads as follows: "Andy O'Conner, did then and there unlawfully drive an automobile upon a public highway, to-wit, The Gainesville and Muenster Highway, while he, the said Andy O'Conner, was then and there under the influence of intoxicating liquor, and he, the said Andy O'Conner, did then and there while so driving said automobile as aforesaid, through mistake and accident kill Willard Weatherman by then and there driving said automobile into and upon the said Willard Weatherman, thereby bruising and crushing the body of him, the said Willard Weatherman, causing injuries to the body of him the said Willard Weather-

man, from which injuries the said Willard Weatherman then and there died."

Appellant insists that the indictment is insufficient in failing to allege specifically that he was intoxicated. His position is that the averment that he was under the influence of intoxicating liquor is indefinite and not sufficient to charge that he was intoxicated. Under the decisions, the averment is deemed sufficient. Jones v. State, 75 S. W. (2d) 683; Herring v. State, 35 S. W. (2d) 737; Williams v. State, 271 S. W., 628.

Appellant contends that the evidence is insufficient to show that he drove the automobile on the Gainesville and Muenster highway, as alleged in the indictment. Looking to the statement of facts, it is observed that Mike Ferman, a witness for the State, testified, in part, as follows: "I recall an automobile wreck there near my place on or about the 20th day of October. That collision occurred close to my place, a quarter of a mile hardly. It was west of my place. The Muenster and Gainesville highway runs about straight east and west there at the point of collision. * * * That road has not been paved yet. It has been graded but that is all. People travel up and down that road anywhere they want to." Frank Smith, another witness for the State, testified that the accident occurred "something like six or seven miles west of Gainesville on the Muenster and Gainesville highway." Referring to the road upon which the accident occurred, another witness testified: "It is a straight road in an east and west direction from Gainesville to Muenster. The dump had been finished there better than twelve months preparatory to receiving concrete. It was in a well-settled smooth condition at that time. And I know that it had been frequently dragged. It looked like it had been dragged there the day before. The highway at the point of this accident was perfectly level, as level as this floor." The testimony we have quoted and referred to is deemed sufficient to sustain the allegation that the accident occured on the Gainesville and Muenster public highway. See Thomason v. State, 72 S. W. (2d) 598; Nichols v. State, 49 S. W. (2d) 783.

Appellant's next contention is that the proof fails to show that he was intoxicated. Everett Bonds and deceased were driving east at night on the Muenster and Gainesville highway when they had tire trouble. They pulled their automobile to the south side of the road, leaving ample room for cars to pass them. They had gotten out of the car and were preparing to mend the tire when an automobile traveling west struck their car. Deceased was thrown under his own automobile. When

Bonds reached him he was dying, and expired before he could be removed from the scene of the accident. As Bonds was removing deceased from under the car he observed appellant. He testified that appellant said: "I am bleeding to death." He testified further that he smelled intoxicating liquor on appellant's breath. Appellant had received an injury in the collision. Henry Smith came to the scene of the accident and he, Bonds and appellant, entered a car and drove to town to a doctor's office. At this juncture, we quote from the testimony of Bonds as follows: "He (appellant) tried to argue all the way to town that we pulled plumb over and hit him. He said 'You boys pulled plumb over across and hit me.' He said 'I was plumb over on my side of the road and you boys pulled across and hit me.'" When appellant, Smith and Bonds reached town they went to the doctor's office. An officer, who saw appellant at the time, testified that appellant was drunk. Another officer said: "He smelled just like a brewery and he staggered. He also talked quite a bit." The physician who dressed appellant's injury testified that, in his opinion, appellant was under the influence of intoxicating liquor. In view of the testimony to which we have referred we are unable to reach the conclusion that the State failed to meet the burden of showing that appellant was intoxicated. It is true that appellant testified that he had not been drinking intoxicating liquor on the occasion in question. He introduced witnesses who corroborated him. Appellant attributed his condition to the injury he had received. He, as well as his witnesses, testified that he was not a drinking man. The jury had the right to reject the testimony of appellant and his witnesses and accept the State's version.

Appellant insists that the proof fails to show that his car bruised and crushed the body of deceased, and caused injuries from which death ensued. A witness for the State testified that there was blood under the car where deceased had been knocked. The undertaker testified: "I took charge of the body that night and brought it to my establishment. His head was badly crushed, and his right arm was broken, and I think one of his legs was broken but I won't be positive about that." Witnesses for the State testified that deceased expired at the scene of the accident.

We deem the evidence sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant, through his counsel, vigorously combats the conclusion stated in the original opinion that the evidence is adequate to show that the death of the deceased was caused by injuries sustained in a collision with the appellant's car. Appellant denies that his car was driven upon the deceased and that he (appellant) was under the influence of intoxicating liquor at the time of the alleged collision. It is claimed by appellant that the evidence fails to show that at the time of the collision he was driving his car upon a public highway.

The witness Everett Earl Bonds testified to the effect that he and deceased, while traveling in a Ford coupe on the Gainesville and Muenster Highway No. 5, had a flat tire; that they both got out of their car to repair the tire; that Bonds was on the right-hand side of the car (which was parked on the south side of the highway and facing east), and while he was in the act of taking a lug wrench out of the car he noticed a car coming west; that before he could take the lug wrench from the car it was struck by the car coming west and he (Bonds) was knocked into the barrow pit; that the next thing he knew he was coming out of the ditch. He called to his companion, Willard Weatherman. Bonds discovered Weatherman under the appellant's car. He pulled him from under said car and noticed that Weatherman's head was crushed and he died a very few minutes thereafter. The radiator and lights of the appellant's car were broken and fenders badly bent. The fenders and lights of Bond's car were broken. The front axle was also broken from the body of the car. At the time that Bonds pulled the deceased from under appellant's car, the appellant walked up and said: "I am bleeding to death." He had a scalp wound on the back of his head. At the time of the collision the deceased was jacking up the car preparatory to repairing the flat tire.

The undertaker testified that the head of the deceased was crushed and that one leg and one arm were broken.

The fact that the deceased and his companion were returning from a party in an automobile at the time of the collision and that in the collision the deceased sustained injuries from which he died within a very few moments is deemed quite

sufficient to sustain the verdict of the jury attributing the wounds and death of the deceased to the collision mentioned.

The evidence heard before the jury is set forth in the original opinion in sufficient detail as to render a repetition of it unnecessary in this opinion.

The court instructed the jury upon the law of circumstantial evidence. It is the contention of the appellant that the evidence presented no issue of fact justifying a conviction. In that particular the members of this court are constrained to conclude that the evidence is such as to require that the jury be instructed on the law of circumstantial evidence. This having been given under the circumstances detailed in the record, this court would not be justified in overruling the judgment of the trial judge touching the sufficiency of the evidence nor would it be justified under the law in superseding the decision of the jury on the subject in question. It must be remembered that the evidence being sufficient, though conflicting, it is not the office of either the trial judge or the appellate court to determine the truth thereof but that is the office of the jury. See Art. 706, C. C. P.

Our re-examination of the matter leaves us of the opinion that no error was committed upon the trial which would justify or require a reversal of the judgment.

The motion for rehearing is overruled.

*Overruled.*