Gene O. HOBSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–028–CR (2015).

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1982.

Discretionary Review Granted May 5, 1982.

Allen C. Isbell, Houston, for appellant.

Jack Salyer, Dist. Atty., Bay City, for appellee.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

YOUNG, Justice.

In a jury trial appellant was convicted of murder and assessed 70 years in the penitentiary. From that conviction he now appeals.

In eleven grounds of error the appellant contends that the trial court committed reversible error in failing to sustain motions complaining of defects in the indictment; in admitting into evidence a confession which did not meet legal requirements; in refusing to give a charge on voluntary manslaughter; and in failing to grant a mistrial because of prejudicial jury argument. We affirm.

About appellant's complaints of indictment defects, we note that the indictment, omitting its formal parts, alleges that the appellant, on or about January 9, 1978, "... did then and there intentionally and knowingly cause the death of Dennis James Keena by stabbing and cutting with a knife."

█ In a prosecution for murder, the defendant is entitled to notice of the means by which death was caused. *Gragg v. State*, 148 Tex.Cr.R. 267, 186 S.W.2d 243 (1945). Appellant claims that the omission of the word "him" after the word "cutting"

in the indictment makes it impossible for him to know with certainty that the means alleged were used against the deceased or against some third party or a physical object. Reading the indictment as a whole and taking into consideration the subject matter and context in which the words are employed, *Butler v. State*, 551 S.W.2d 412, 413 (Tex.Cr.App.1977), we find that, while it may be grammatically awkward without the word "him," the meaning of the indictment clearly conveys that the death of Dennis James Keena was caused by the defendant cutting and stabbing Keena with a knife and not by cutting and stabbing some other person or thing with a knife. *Linton v. State*, 452 S.W.2d 494, 495 (Tex.Cr.App. 1970). Appellant's first, second, third, and fourth grounds of error are overruled.

█ Appellant next advances several complaints about his written confession which was offered into evidence by the State. He first urges that while the statement shows on its face that he was warned that it could be used against him, it fails to further warn that it could be used against him "at his trial" or used "as evidence against him in court." See Article 38.22 § 2(a)(1) and (2).[1] Appellant also contends that Article 38.22 § 2(a)(1), is not complied with because of use in the confession of the phrases "may remain silent" and "right not to make a statement" instead of the phrase "right to remain silent" that is used in the statute.

The confession shows on its face that the accused, before making it, received from a magistrate the warning provided in Article 15.17. Since the discrepancies complained of here do not affect the correctness of the warning provided in Article 15.17, it is unnecessary for us to decide whether they would vitiate the confession in a case where the only warnings given had come from one other than a magistrate.

█ Appellant also asserts that the confession is the product of an illegal arrest. Appellant was arrested under a warrant based on a peace officer's affidavit. He

1. All statutory references pertain to Tex.Code Crim.Pro.Ann.

contends that the affidavit is defective because it relates material hearsay statements from unnamed witnesses without stating underlying circumstances from which the affiant concluded that the witnesses were credible or their information reliable. Examination of the affidavit shows this contention to be correct. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1513, 12 L.Ed.2d 723 (1964); *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App.1976). We find, therefore, that appellant's arrest under the warrant was an unlawful seizure of his person. *Heath v. Boyd*, 141 Tex. 569, 175 S.W.2d 214, 215 (1943).

Even though the confession was taken while appellant was in custody under invalid process, it was nevertheless admissible in the trial if there is evidence in the record which would support a finding by the trial court, preliminary to ruling on the admissibility of the confession, that (1) the requirements of Article 38.22 were met, and (2) that the defendant's decision to waive his rights and make a confession was an act of free will on his part and not an act influenced by the circumstances surrounding his unlawful arrest. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. U.S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Green v. State*, 615 S.W.2d 700, 707 (Tex.Cr.App.1981); Lewis, "The Fourth Amendment and Tainted Confessions: Admissibility As a Policy Decision," 13 Hous.L.Rev. 753 (1976); Jones, "Admissibility of Confessions in a State Prosecution," 29 Baylor L.Rev. 1, 17 (1977). The first finding was made by the trial court in its order holding the confession admissible. We find ample support for it in the record. We now determine if there is evidence in the record to support the second finding, which was not made in the trial court's order.

■ The question of whether an illegal arrest is influential in a defendant's decision to make a confession must be determined on the facts in each case. No single fact is dispositive. *Alonzo v. State*, 591 S.W.2d 842, 847 (Tex.Cr.App.1980). Some of the factors which have been recognized as relevant in determining whether there is a causal connection between the invalid arrest and the confession are: (1) whether *Miranda* warnings were given, (2) the temporal proximity of the arrest and the confession, (3) the presence of intervening circumstances, and (4) the purpose and flagrancy of the official misconduct, *Green v. State*, supra at 708.

■ Appellant was arrested under an arrest warrant issued by a magistrate. He was taken into custody around 8:15 p. m. by officers of the Houston Police Department in the Houston International Airport terminal soon after he had arrived on a flight from Louisana. Officers made contact with appellant in the airport by having him paged on the public address system to see an airport steward. As appellant spoke to the steward, the officers, who were waiting nearby, moved forward and took appellant into custody. Upon his arrest, appellant was advised that he was being charged with the murder of Dennis Keena. He was shown the arrest warrant. After being placed in a police car, appellant was advised of his *Miranda* rights.

From the airport, appellant was taken to the courthouse annex in Humble, Texas, for magistrate warnings, that being the location of the nearest magistrate to the airport. At 9:29 p. m. in the courthouse annex, Judge Lee, Justice of the Peace, advised appellant of his rights provided in Article 15.17. Appellant was then taken by car to an office in the Houston Police Department, where his written confession was taken. The confession-taking process began around 10:00 p. m. and concluded one hour later.

The evidence reflects that during the trip from the airport to the magistrate's office and from the magistrate's office to the police station, appellant talked freely about the offense in question and that during the taking of the confession at the police station appellant was cooperative. There is evidence that he understood the questions asked him and that he gave appropriate

responses. Further, the evidence tends to show that he did not appear to be intoxicated or under the influence of any narcotic and that he seemed to be aware of everything that was going on. Before the interview began at the police station, appellant was again read his rights from the confession form. Before signing the confession, he was read his rights yet another time. The record reflects that no force, threats, persuasion, or promises were used to induce appellant to give the confession. Appellant was permitted to read the confession before signing it. He did not request the presence of counsel during the taking of the confession.

Additionally, the evidence shows that from the time of his arrest until the taking of the confession, a period of approximately three hours, appellant was not subjected to mistreatment by the police and that his incriminating statements, oral or written, were not the result of oppressive or prolonged interrogation. Even though the affidavit supporting the warrant of arrest did not meet *Aguilar* requirements, this defect does not constitute a gross violation of legal process, nor does it suggest purposeful misconduct. *Moffett v. Wainwright*, 512 F.2d 496, 503 (5th Cir. 1975). After his arrest, appellant was taken promptly to a magistrate. This we find to be a significant intervening event between the arrest and the confession. *Johnson v. Louisana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); *Alfonzo v. State*, supra. Appellant was warned multiple times of his rights before the confession was taken. Under all of these circumstances, we hold that the confession was an act of free will on the part of appellant and not an act influenced by the unlawful arrest. *Alonzo v. State*, supra; *Dowdy v. State*, 534 S.W.2d 336 (Tex.Cr.App.1976).

Another objection made by the appellant to the confession is that it was taken at a time when he was intoxicated. The trial court found that at the time the confession was given appellant was "mentally competent," and "aware of the facts." The court also found that the confession was given "knowingly" and "intelligently." These findings, which have support in the record and by which we are bound, *McKittrick v. State*, 541 S.W.2d 177 (Tex.Cr.App.1976), show that the intoxication, if any, was of little consequence. *Vasquez v. State*, 163 Tex.Cr.R. 16, 288 S.W.2d 100, 109 (1956).

■ Appellant's final objection to the confession is that he was never identified as the person who signed it. Since this objection was not made at the time the confession was offered into evidence, it was waived. *Amaya v. State*, 473 S.W.2d 476, 478 (Tex.Cr.App.1971). Throughout the testimony relating to the confession, appellant was, without objection, referred to by both the prosecutor and the defense counsel by the name shown in the indictment and by the term "defendant." This was sufficient to establish his identity of the one who signed the confession offered into evidence. Appellant's grounds of error five through nine are overruled.

■ Appellant, in his tenth ground, contends that the trial court erred in refusing to give a charge on voluntary manslaughter. He submits that the issue of voluntary manslaughter is raised by statements in his confession. Those statements show that appellant sought out deceased for the purpose of warning him to stay away from "Lisa," his daughter. He threatened to have deceased put in jail. He told deceased to back off if he wanted to keep from getting cut and then displayed his buck knife to deceased. A scuffle ensued, which appellant says was started when deceased grabbed him around the neck. During the course of the scuffle, appellant stabbed the deceased in the stomach and throat and pushed him with "great force."

We find, in the context of the facts before us, that the act of the deceased in grabbing the appellant around the neck was not a cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. The trial court did not err in refusing to charge on voluntary manslaughter. *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979);

*Cerda v. State*, 557 S.W.2d 954 (Tex.Cr.App. 1977); *McCartney v. State*, 542 S.W.2d 156 (Tex.Cr.App.1976).

In his final ground of error, appellant contends that the trial court erred in failing to grant a mistrial after the prosecutor argued at the punishment stage of the trial, "Put yourselves in the mind of that child. What was going through that child's mind?" Upon objection, the prosecutor withdrew the statement. The trial judge promptly instructed the jury not to consider it and overruled appellant's motion for a mistrial.

We find that it would not have been error to permit this argument, it being a proper plea for adequate punishment and law enforcement. *Stone v. State*, 574 S.W.2d 85 (Tex.Cr.App.1978). Even if it could be argued that the prosecutor's statement was improper, any prejudice caused thereby was cured by the trial court's prompt instruction not to consider it. *Clanton v. State*, 528 S.W.2d 250 (Tex.Cr.App. 1975).

The judgment of the trial court is affirmed.