Fred Russell HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01357–CR.

Court of Appeals of Texas, Dallas.

Dec. 7, 1989.

Ron Craig, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before HOWELL, ROWE and KINKEADE, JJ.

## OPINION

KINKEADE, Justice.

Fred Russell Harris appeals his conviction of possession of cocaine. Following a jury trial, the jury assessed punishment at twenty five years' confinement. In his second point of error, Harris argues that the trial court erred in denying his motion for an instructed verdict because the State failed to prove that he exercised care, control, and management over the cocaine. In his fourth point of error, Harris also argues that the trial court erred in allowing the State to indirectly allude to Harris's prior convictions during voir dire. In his third point of error, Harris contends that the trial court erred when the court arraigned him on the enhancement paragraphs at the close of the punishment phase rather than at the beginning of the punishment phase. In his first point of error, Harris contends that the State failed to present sufficient evidence to establish the truth of paragraph three of the indictment. Because the State sufficiently linked Harris to the cocaine, we overrule Harris's second point of error. Because the State may properly allude to the possible range of punishment during voir dire, we overrule Harris's fourth point of error. Because the State failed to prove paragraph three of the indictment, we sustain Harris's first point of error and need not consider his third point of error. Accordingly, we reverse and remand.

### Statement of Facts

On February 21, 1987, the security guard/clerk at the Townhouse Motor Hotel flagged down Officer D.K. Lowe and her partner, Officer Scott Tremain, to report an act of criminal mischief. The clerk told the

officers that he had observed Harris, one of the motel's patrons, break a light bulb in the motel's parking lot. Officer Lowe testified that, without first being questioned by the officers, Harris readily volunteered to make immediate restitution for the light bulb. For that purpose, Harris invited the officers to accompany him to his motel room. Upon entering the room, both officers observed some small baggies containing a white powdery substance on top of the bedside nightstand. Upon closer examination of these baggies, the officers noted additional baggies with similar powder lying on the floor. When questioned about the baggies' contents, Harris stated, "that's cocaine." The officers placed Harris under arrest and searched him. A later chemical analysis verified the presence of cocaine in the baggies. Harris neither testified nor offered any defense.

### Instructed Verdict

In his second point of error, Harris argues that the trial court erred in denying his motion for an instructed verdict. Specifically, Harris alleges that the State failed to affirmatively link him to the cocaine.

■ The trial court, when ruling on a motion for instructed verdict, applies the same standard of review that an appellate court uses to review sufficiency of the evidence points. *Chase v. State*, 573 S.W.2d 247, 249 n. 1 (Tex.Crim.App.1978); *Ellis v. State*, 714 S.W.2d 465, 471 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Accordingly, this court must view the evidence regarding the affirmative judgment in the light most favorable to the judgment. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). The evidence will support a conviction of any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Id.*

■ The State establishes knowledgeable possession of cocaine by proving beyond a reasonable doubt that Harris exercised care, custody, control, or management over the cocaine. *See Rodriguez v. State*, 635 S.W.2d 552, 553 (Tex.Crim.App.

1982). The State meets its burden by introducing additional facts and circumstances which indicate Harris's knowledge of and control over the cocaine. These facts and circumstances must affirmatively link Harris to the cocaine and create a reasonable inference that Harris knew of the cocaine's existence and that he exercised control over it. *Dickey*, 693 S.W.2d at 389.

The record shows that Harris offered to make restitution for the broken light and requested that the police officers follow him to his room to get the money to pay for the damage. Officers Lowe and Tremain testified that they observed the cocaine in plain view in the motel room to which Harris led them. When asked about the contents of the baggies by the officers, Harris readily identified the substance as cocaine. The officers stated that Harris appeared to be the sole occupant of the motel room. The officers searched Harris's motel room, which consisted of one large room with an attached bathroom, and found no indication of anyone else's presence. Harris's identification of the baggies' contents and his sole possession of the motel room affirmatively linked him to the cocaine and created a reasonable inference that Harris knew of the cocaine's existence and that he exercised control over it. We overrule Harris's second point of error.

### Range of Punishment

■ In his fourth point of error, Harris argues that the trial court erred in allowing the State to indirectly allude, during voir dire, to Harris's prior convictions. During voir dire the State informed the jury that the minimum sentence for the charged offense could be either two, five, or twenty-five years' confinement, depending on the evidence presented.

The Court of Appeals for the First District rejected a similar argument in *Davis v. State*, 630 S.W.2d 769 (Tex.App.—Houston [1st Dist.]), pet. ref'd, 636 S.W.2d 197 (Tex.Crim.App.1982). In *Davis*, the court stated that when the jury assesses punishment, counsel, in order to intelligently use their peremptory challenges, must explain the applicable ranges of punishment during

voir dire. Here, since Harris requested that the jury determine punishment, the court properly allowed the State to inform the potential jurors of the applicable punishment ranges during voir dire. *See Davis*, 630 S.W.2d at 772. We overrule Harris's fourth point of error.

### Enhancement Paragraphs

■ In his first point of error, Harris argues that the State presented insufficient evidence to prove the truth of paragraph three of the indictment. Specifically, Harris contends that the State failed to prove for enhancement purposes that the conviction alleged in paragraph three became final before the conviction alleged in paragraph two of the indictment. Further, Harris contends that the document the State used to prove the alleged felony conviction, "Commitment to Penitentiary," neither classifies the offense as a felony nor recites the judgment of the court. Any prior conviction used for enhancement purposes must be final. *Jones v. State*, 711 S.W.2d 634, 635 (Tex.Crim.App.1986). When the State charges two prior felony convictions for enhancement purposes, the State must establish that the earlier felony conviction became final prior to the occurrence of the second alleged felony conviction. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974). Although an averment in an indictment of an accused's prior conviction may sufficiently charge finality, the averment does not become self-proving. A pleading never becomes self-proving; to hold otherwise renders the State's burden of proof meaningless. *Jones v. State*, 711 S.W.2d at 635. Here, the State averred in paragraph three of the indictment that Harris had been convicted of forgery. To substantiate this charge, the State introduced a document entitled "Commitment to Penitentiary." This document contained no sentence, no judgment, and no classification of the offense as a felony. The State presented no other evidence that the of-

fense in paragraph three was a felony and became final before commission of the second alleged felony.

The State argued that the court should presume that Harris's conviction was based on a judgment, absent proof to the contrary. *Chesteen v. State*, 712 S.W.2d 553, 555 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Even if the court indulges in this argument, the State failed to introduce evidence that the judgment became final prior to the commission of the second offense. The State contends the rule that in a bench trial the court should presume that the accused committed the first alleged offense within the limitation period preceding the filing of the indictment [1] should now be applied in the present case involving a trial before a jury. The State argues that since twelve and one-half years separated the two convictions, only a remote possibility exists that Harris committed the second offense prior to the first offense becoming final. We may not indulge in such a presumption, however, when the trial is before a jury and the State presents no evidence regarding the limitation period and the indictment. *Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex.Crim.App.1987).[2] Accordingly, the State failed to meet its burden of proof. We sustain Harris's first point of error. Because we sustain Harris's first point of error, we need not consider Harris's third point of error.

■ We remand this cause to the trial court. Tex.Code Crim.Proc.Ann. art. 44.-29(b) (Vernon 1988). The double jeopardy provisions of the United States Constitution and the Texas Constitution preclude the State from using the alleged felony in paragraph three of the indictment presented in the instant case to enhance Harris's punishment for the same primary offense. *See Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978); *Ex parte Gonzales*, 707 S.W.2d 570, 572 (Tex. Crim.App.1986). If the evidence is insufficient to sustain the allegation that Harris is

---

1. *See Villareal v. State*, 468 S.W.2d 837, 840 (Tex.Crim.App.1971).

2. *Ex parte Brown*, 757 S.W.2d 367, 369 (Tex. Crim.App.1988) overruled *Ex parte Klasing* to

the extent that it allowed claims regarding sufficiency of the evidence to prove enhancement allegations to be raised in collateral attacks.

an habitual offender, both Constitutions preclude the State from making any attempt thereafter, under the same primary offense, to establish that Harris is an habitual criminal. *Gonzales,* 707 S.W.2d at 572. The State may neither retry the particular enhancement paragraph upon which the proof failed at the first trial, nor allege and prove a different prior conviction in place of that conviction. Accordingly, we reverse the trial court's judgment and remand.