**John Pratt JANAK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–091–CR.**

Court of Appeals of Texas,
Texarkana.

March 24, 1992.

---

Bird Old, III, Mt. Pleasant, for appellant.

Michael Lantrip, Pittsburg, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

John Pratt Janak appeals from a conviction for driving while intoxicated. He challenges the sufficiency of the evidence and alleges errors in jurisdiction, arraignment, admission of evidence, and pretrial rulings. Because we find that evidence was improp-

erly admitted, we reverse the judgment and remand the case for a new trial.

Officer Jerry Farmer testified that on July 29, 1988, he stopped Janak's speeding vehicle in Camp County. Janak smelled of beer and swayed when he walked. Farmer arrested him for DWI and also issued him a speeding ticket. Janak refused to take a blood test. On being charged with DWI, he pleaded not guilty and was tried before a jury. Janak did not testify. He was found guilty, sentenced to one year's probation, fined $500.00 plus court costs, and required to attend DWI school.

Janak's first two points of error challenge the sufficiency of the evidence. In these points, he contends that the trial court erred in overruling his motion for instructed verdict and that the conviction cannot stand because the State did not present any evidence identifying him as the person committing the offense.[1]

■ When ruling on a motion for instructed verdict, the trial court applies the same standard of review that an appellate court uses to review the sufficiency of the evidence. *Chase v. State*, 573 S.W.2d 247, 249 n. 1 (Tex.Crim.App. [Panel Op.] 1978); *Rogers v. State*, 550 S.W.2d 78, 81 (Tex.Crim.App.1977); *Harris v. State*, 783 S.W.2d 253, 255 (Tex.App.—Dallas 1989, no pet.). The standard requires the court to view the evidence in the light most favorable to the judgment. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984); *Harris v. State*, 783 S.W.2d at 255. If any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt, the evidence is sufficient to support a conviction, and an instructed verdict is not proper. *See Harris v. State*, 783 S.W.2d at 255. If the evidence is insuffi-

cient, the defendant is entitled to an acquittal. *See, e.g., Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, 14 (1978); *Chase v. State*, 573 S.W.2d at 248.

■ Officer Farmer testified at trial that he did not recognize Janak in the courtroom, but assumed that it was he who was sitting at the counsel table next to his attorney. In other testimony, however, Farmer said that he took *the defendant* out of his car at the scene when he stopped him, that he talked to *the defendant*, that he placed *the defendant* under arrest, that *the defendant* said he had been drinking and told him how much, that *the defendant* refused to take a blood test, and that from his observation of *the defendant's* driving, speech, action, and odor of breath, he was of the opinion that the defendant was intoxicated. It was stipulated and Janak identified himself at trial as the defendant.[2] This is sufficient evidence that Janak was the person who drove under the influence of intoxicants on the occasion in question and was arrested for the offense. *See Oliver v. State*, 613 S.W.2d 270 (Tex.Crim. App. [Panel Op.] 1979); *McDonald v. State*, 513 S.W.2d 44 (Tex.Crim.App.1974); *Hatfield v. State*, 161 Tex.Crim. 362, 276 S.W.2d 829 (1955); *Hobson v. State*, 627 S.W.2d 532, 535 (Tex.App.—Corpus Christi 1982), *aff'd*, 644 S.W.2d 473 (Tex.Crim.App. 1983).

Although at one point in his testimony Farmer said he did not recognize Janak, that is no more than a conflict in his testimony which the jury had the right to resolve. *Wilson v. State*, 581 S.W.2d 661, 665 (Tex.Crim.App. [Panel Op.] 1979); *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim.App.1974); *Clawson v. State*, 440 S.W.2d 638, 640 (Tex.Crim.App.1969);

1. The information alleged, and the State was required to prove, that John Janak knowingly and intentionally operated a motor vehicle in a public place while intoxicated.

2. We do not, as the dissent asserts, consider a plea of not guilty as any evidence of guilt. Where, however, a person in response to the court's question at arraignment, *identifies* himself as the defendant, he does just that. Indeed, a plea of not guilty establishes the personal identity of the accused, and no further proof of identity is necessary. *Hendrick v. State*, 6 Tex. 341 (1851); 22 Tex.Jur.3d *Criminal Law* § 2404 (1982). Admitting that he is the defendant, however, does not constitute evidence that he is guilty.

The stipulation was not at a pretrial hearing. It was in the form of a motion, in the jury panel's presence, just before voir dire began, in which Janak's counsel said, "Now comes the *Defendant, Mr. Janak....*"

*O'Conner v. State,* 129 Tex.Crim. 509, 88 S.W.2d 1048, 1051 (1935); *Purkey v. State,* 656 S.W.2d 519 (Tex.App.—Beaumont 1983, pet. ref'd).

■ Janak also asserts that the trial court erred in allowing Officer Farmer to testify, over objection, that Janak refused to take a blood test. Janak contends that evidence of a statutory warning, as required by Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5 (Vernon Supp.1992), is a predicate for admission of this evidence, and since no evidence of the warning was offered, the refusal evidence should not have been admitted. We agree. *Hogue v. State,* 752 S.W.2d 585, 589 (Tex.App.—Tyler 1987, pet. ref'd). As the refusal to take a blood test is in the nature of an incriminating act or statement, evidence of it is not admissible unless the statutory warning was given. Evidence that the warning was given is a necessary predicate to the refusal's admissibility. *Hogue v. State, supra.*

■ There was no scientific evidence of Janak's intoxication. The only evidence of it was from Officer Farmer, who testified about his conclusions based on Janak's condition and actions. Evidence that Janak refused to take a blood test was thus, in those circumstances, harmful.

In view of our disposition of the foregoing point, it is not necessary that we discuss the remaining points. Since we have found the evidence sufficient to support the conviction, the trial error in admitting the refusal evidence requires a reversal of the judgment and a remand for a new trial.

The judgment is reversed and the cause is remanded to the trial court for a new trial.

BLEIL, J., filed a concurring opinion.

GRANT, J., filed a dissenting opinion.

BLEIL, Justice, concurring.

I join in the majority's decision reversing this case and remanding it for a new trial.

In two points of error Janak's attorney claims that the evidence is insufficient as a matter of law. In reviewing the legal suf-ficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rivera v. State,* 808 S.W.2d 80, 91 (Tex.Crim. App.1991); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). I agree that there is legally sufficient evidence, as outlined in the court's opinion, that Janak was the person who drove while intoxicated. If the points of error can be said to challenge the factual sufficiency of the evidence, that challenge should be sustained.

The authority of courts of appeals to determine whether the evidence pertaining to an element of a criminal offense insufficient because it is against the great weight and preponderance of the evidence is currently unsettled. In *Meraz v. State,* 785 S.W.2d 146, 156 (Tex.Crim.App.1990), the Court of Criminal Appeals reserved decision on the question, except as to affirmative defenses. I believe that under Tex. Const. art. V, § 6 the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. This view is recorded in detail in a recent article, *See* Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question,* 23 St. Mary's L.J. 423 (1991). More recently, a court of appeals expressed its opinion that courts of appeals have the power to review the factual sufficiency of the evidence relative to the proof of the elements of an offense in *Stone v. State,* 823 S.W.2d 375 (Tex.App.—Austin 1992, no pet. h.).

I concur in the court's decision because I believe that the evidence is legally sufficient to support the conviction but that the case needs to be reversed and remanded because of other trial court error. Even if we exercised our constitutional authority to review for the factual sufficiency of the evidence and found it to be factually insufficient, the proper remedy would be to reverse and remand the cause for a new trial.

*See Tibbs v. Florida,* 457 U.S. 31, 42–43, 102 S.Ct. 2211, 2218–19, 72 L.Ed.2d 652 (1982); *Stone v. State,* 823 S.W.2d at 381 n. 9; Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question,* 23 St. Mary's L.J. 423, 456.

For these reasons, I concur with the view set forth in the majority opinion, which means that the case may be retried, and not that set forth in the dissenting opinion, which would bar a retrial.

GRANT, Justice, dissenting.

I dissent because there was no evidence that Janak was the person operating the motor vehicle. The requirement that the accused be identified as the person who committed the alleged criminal act is a fundamental safeguard in our system, so that the wrong person will not be convicted.

The arresting officer provided the only testimony attempting to identify Janak as the person driving the vehicle. He testified that he did not recognize the defendant as being the driver of the vehicle:

MR. LANTRIP: Do you recognize the driver of that vehicle in the Courtroom right now?

WITNESS: I don't recognize him but I assume he's sitting next to his attorney.

....[Objection]

WITNESS: No. I do not recognize him.

The majority opinion provides two firsts in Texas: (1) This will be the first time that a not guilty plea has been used to show a defendant's guilt. (2) This will also be the first time that a pretrial stipulation has been considered as evidence to convict a defendant.

## THE NOT GUILTY PLEA

The majority attempts to show an identification by the arresting officer on the basis that he was asked by the State numerous questions using the word *defendant* to describe the person that he arrested. The context shows clearly that the officer considered the defendant to be the person that

he arrested, but he could not testify whether the person he arrested was the person who was on trial and was seated in the courtroom. The majority says that the term *defendant* applied to Janak because he pleaded not guilty in the case and thus identifies himself as a defendant. A plea of not guilty should be construed to be the denial of every material allegation in the indictment, including the identification of the defendant. On a plea of not guilty, it becomes the State's duty to prove its case. *Johns v. State,* 155 Tex.Crim. 503, 236 S.W.2d 820 (1951). The fact that a person pleads not guilty cannot be used as any evidence against him or her at the trial. To do so would in effect make the entering of a plea an incriminatory act. A plea of not guilty is not an admission of any incriminating fact or guilt. *Flores v. State,* 509 S.W.2d 580 (Tex.Crim.App.1974). Therefore, Janak's not guilty plea cannot be used by the State as evidence that he was the person driving the automobile on the date in question.

In a footnote to the majority opinion, it is suggested that once the identification is established at arraignment, no further identification is necessary. The court cites *Hendrick v. State,* 6 Tex. 341 (1851). In that case, the defendant was clearly identified at the trial as the person committing the alleged criminal acts. The majority also refers to 22 Tex.Jur.3d *Criminal Law* § 2404 (1982). This section refers only to arraignments. The purpose of the arraignment is to establish the correct name and identity of the person on trial. This does not establish that this defendant is guilty of committing the alleged acts. There is no question that the court in this case knew who the defendant was, the defendant knew who the defendant was, but the only witness testifying to the facts did not know who the defendant was. There must be some evidence before the jury that this defendant was the person who committed the alleged crime. The arraignment does not eliminate the necessity of an identification of the defendant as the person committing the alleged criminal acts.

## THE PRETRIAL STIPULATIONS

There were stipulations in the record related to a speeding ticket[3] and to the breath test,[4] which were made at a pretrial hearing before the jury had been selected. Thus, the stipulation could not be considered as evidence upon which the jury could base its verdict. The third motion that the majority relies upon is not a stipulation at all, but a motion to reshuffle the jury panel.[5]

The majority relies on a not guilty plea and pretrial stipulations to convict Janak. The State is required to prove every element beyond a reasonable doubt and has failed to do so. There is no other evidence connecting Janak to the alleged offense. There is no showing that the arresting officer was aware of whom the defendant on trial was, and he admitted that he could not identify the man whom he had arrested. Where there is no evidence identifying the accused as the party who committed the alleged offense, reversal of the conviction is required. *McCullen v. State*, 372 S.W.2d 693 (Tex.Crim.App.1963).

3. MR. OLD: At the time the Defendant was arrested on or about July 29th, 1989 he was issued a ticket for speeding, he plead (sic) guilty to that offense and that was adjudicated in that he was found guilty. I do not think there is a factual controversy as to that, is there?

MR. LANTRIP: No. I accept that.

MR. OLD: The State's stipulation is that the ticket given on July 29th, 1989, the Defendant has been convicted of speeding in that, that act has been punished and he has been found guilty.

4. MR. OLD: You are telling me I do not call my witness?

THE COURT: Yes.

MR. OLD: Your Honor, may I make an offer of proof?

THE COURT: I'm sorry?

MR. OLD: May I make an offer of proof? Your Honor, if Jay Janak were allowed to testify in this case under oath he would testify that at the time and occasion in question that he was taken to a facility operated by the State of Texas to the Department of Public Safety or through law enforcement agencies, that he appeared, he agreed to take a test, he in fact put the mouth piece of the test, the mouth piece of the machine into his mouth and followed the Officer's instruction at which time the Officer told him that he was not cooperating.

Mr. Janak assured that he was doing what he was told to do.

And that would include our offer of proof and that our witness cannot testify.

And may the record reflect that Mr. Jay Janak is present in Court, may it so, Your Honor?

THE COURT: Sir?

MR. OLD: May the record reflect that Mr. Janak is present here in Court?

THE COURT: Sure.

5. [MR. OLD:] Now comes the Defendant, Mr. Janak by and through his attorney and would file this motion with the Court to challenge the array of the venire in that a List of Petit Jurors were furnished us by the County Clerk of Camp County, Texas listing 100 Jurors which is the official document of the court, which we will offer into evidence, it does not show the reason for approximately twelve Jurors being excused. We would like to call the Clerk in connection with the motion challenging the array and we would ask for a mistrial in this case.