# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00572-CR

Elisa Gonzales Condarco, Appellant

v.

The State of Texas, Appellee

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
## NO. 2C11-05595, HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury found appellant Elisa Gonzales Condarco guilty of the misdemeanor offense of driving while intoxicated. *See* Tex. Penal Code § 49.04. Punishment was assessed at 180 days' confinement in jail and a fine of $1,000.00. However, the trial court suspended imposition of the sentence and placed Condarco on community supervision for a period of 24 months. In four issues on appeal, Condarco asserts that the trial court: (1) abused its discretion in admitting an audio recording of a 911 call; (2) abused its discretion in admitting a statutory-warning form that was provided to Condarco upon her arrest; (3) erred in failing to grant Condarco's motion for directed verdict; and (4) erred in ordering Condarco to pay court costs in a specific dollar amount. We will affirm the trial court's order.

## BACKGROUND

The jury heard evidence that on June 7, 2011, a motorist, Ross Wellen, called 911 after observing a minivan drive erratically out of a convenience store parking lot and through a

residential area. At trial, Wellen recounted his observations of the vehicle and explained that, when the minivan eventually pulled over, he approached the vehicle and made contact with the driver, who was later identified as Condarco. Wellen testified that he had found Condarco asleep behind the wheel and holding a tomato. Wellen woke Condarco, talked with her, and asked her to pull into a nearby parking lot, but she drove away instead. Wellen followed the vehicle and observed it continue to drive erratically and cause traffic problems.

Shortly thereafter, Condarco pulled into another convenience store parking lot, where she was found by Officer Matthew Wittman of the Temple Police Department, who had been dispatched to the area in response to Wellen's 911 call. Wittman testified that, when he approached and made contact with Condarco, he did not detect an odor of alcohol on her breath, but he did observe that Condarco had slurred speech, a loud voice, and eyes that were bloodshot and glossy. According to Wittman, Condarco denied drinking but admitted that she had earlier taken "a bunch of medication." Wittman administered field sobriety tests, on which Condarco performed poorly, and observed further signs of what Wittman believed to be intoxication. Subsequently, he placed Condarco under arrest. Based on this and other evidence, which we discuss in more detail below as it is relevant to Condarco's issues on appeal, the jury found Condarco guilty of driving while intoxicated, and the district court placed her on community supervision as noted above. This appeal followed.

## ANALYSIS

### Evidence admissibility

In her first issue, Condarco asserts that the trial court abused its discretion in admitting an audio recording of Wellen's 911 call. In her second issue, Condarco asserts that the

trial court abused its discretion in admitting the statutory-warning form that Officer Wittman had provided to Condarco upon her arrest.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court abuses its discretion only when its decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

We first address the audio recording of the 911 call. When the State offered the recording into evidence, a hearing was held on its admissibility, and the following occurred:

[Defense counsel]: And on that audiotape, does it contain the conversation that you had with a 911 operator that you've testified about this morning—or this afternoon?

[Witness]: Yes, sir.

[Defense counsel]: Is there anything on that tape that contradicts anything that you've said in court today?

[Witness]: No, sir.

[Defense counsel]: So everything on that tape would be a prior consistent statement; what you said in court is the same as what you say on that tape?

[Witness]: Yes, sir.

. . . .

[Prosecutor]: Mr. Wellen, everything on that tape, is that everything you testified to?

3

| [Witness]: | No, sir. |
| [Prosecutor]: | Okay. Is there more information on that tape that you did not testify to? |
| [Witness]: | Yes, sir. |
| [Prosecutor]: | Okay. |
| [The Court]: | All right. |
| [Prosecutor]: | It is evidence, Your Honor. It is relevant. |
| [The Court]: | All right. Overruled. |

According to Condarco, the statements contained within the call were consistent with the statements that Wellen had made in his testimony. Thus, in Condarco's view, the call was inadmissible hearsay, as no charge had been made that Wellen had either fabricated his testimony or was testifying under an improper influence or motive. *See* Tex. R. Evid. 613(c) ("A prior statement of a witness which is consistent with the testimony of the witness is inadmissible except as provided in Rule 801(e)(1)(B)."); *see also* Tex. R. Evid. 801(e)(1)(B) ("A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."). The State responds that the call contained additional information that was not included in Wellen's testimony and was thus admissible on that ground.

We cannot conclude on this record that the trial court abused its discretion in admitting the evidence. The call contained information that was not elicited from Wellen during his testimony, including information related to the sequence of events that occurred while Wellen was talking on the phone with the 911 operator, and communication between Wellen and the

911 operator that could inform the jury's understanding of what Wellen had observed. Thus, it would not be outside the zone of reasonable disagreement for the trial court to conclude that the 911 call went beyond any prior consistent statements of the witness, and was admissible on that ground. *See* Tex. R. Evid. 401. It would also not be outside the zone of reasonable disagreement for the district court to conclude that the relevant statements on the call were not inadmissible as hearsay, either because the statements on the call were not offered to prove the truth of the matter asserted, or because the statements fell under one of the recognized exceptions to the hearsay rule.[1] *See* Tex. R. Evid. 801(d); 803.

Moreover, even if the 911 call was inadmissible under rule 613(c), we cannot conclude on this record that Condarco was harmed by its admission. A violation of the evidentiary rules that results in the erroneous admission of evidence is non-constitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Non-constitutional error that does not affect a defendant's substantial rights must be disregarded. Tex. R. App. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In this case, there is ample evidence in the record other than the 911 call tending to show that Condarco was driving while intoxicated, including the detailed testimony of the arresting officer who had observed numerous signs that Condarco was intoxicated, a video recording from the officer's patrol-car dash camera showing Condarco's intoxicated appearance and poor performance on the field sobriety tests (during

---

[1] For example, after Wellen had approached Condarco and spoken to her, he can be heard on the call telling the 911 operator, "She's drunk." The district court would not have abused its discretion in finding that this statement was admissible as a present sense impression. *See* Tex R. Evid. 803(1).

its closing argument, the State characterized the video as "the best evidence" of Condarco's intoxication), and the testimony of Condarco herself, who admitted that she appeared intoxicated on the video and that she had been taking medication at the time of her arrest. On this record, we have fair assurance that the 911 call did not influence the jury, or had but a slight effect. Accordingly, we cannot conclude that the admission of the 911 call, even if erroneous, affected Condarco's substantial rights. We overrule Condarco's first issue.

We next address the admissibility of the statutory-warning form. During Officer Wittman's testimony, the State offered into evidence a copy of the form, which Wittman testified was shown to Condarco at the time of her arrest. Among other things, the form tended to show that Condarco had refused to provide a sample of her blood to the officer and had further refused to sign the form as requested by the officer. Wittman had earlier testified to those same facts. Before the trial court admitted the form into evidence, the record reflects that the following occurred:

| [Prosecutor]: | At this time, I'd like to offer State's 2 into evidence. |
| --- | --- |
| [Defense counsel]: | Relevance. |
| [The Court]: | Overruled. |
| [Defense counsel]: | I'm sorry, I didn't hear the response from—why it was relevant, Judge? |
| [The Court]: | Well, all right, then. State? |
| [Prosecutor]: | Why it's relevant? |
| [The Court]: | Yeah. |
| [Prosecutor]: | It's relevant because—it's relevant because it goes to show that the person is given the opportunity to give a sample of their breath and they're being evasive. It goes—it's something that the Courts have said that you could take into consideration to determine whether someone is guilty or not; |

|                      | that—there's plenty of case law on that that allows that evidence to be heard by the jury and to be decided by the jury. |
|----------------------|-----|
| [Defense counsel]:   | And, Judge, certainly, his testimony included all of that information. It adds nothing to it; therefore, it's not relevant. In fact, if anything, it would be improper bolstering at that point. |
| [The Court]:         | Overruled. It is admitted. |

Condarco asserts that the statutory-warning form constitutes improper "bolstering" of Wittman's earlier testimony and is otherwise irrelevant. "Bolstering" refers to any evidence which is offered for the sole purpose of convincing the trier of fact that a particular witness or source of evidence is worthy of credit, "without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (quoting Tex. R. Evid. 401). "Accordingly, evidence that corroborates another witness's story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally further tendency to establish [a] fact of consequence, should not be considered 'bolstering.'" *Id*. at 820.

Here, the trial court could have reasonably found that the statutory-warning form was offered for purposes other than "bolstering" Officer Wittman's testimony. Although the form confirmed Wittman's testimony that Condarco had refused to provide a blood sample and had refused to sign the form, it also contained the statutory warnings themselves, a physical description of Condarco, identifying information such as Condarco's date of birth and driver's license number, and information concerning the date and time of the alleged offense. Thus, it would not be outside the zone of reasonable disagreement for the trial court to conclude that the form had at least an

7

incrementally further tendency to make the existence of facts that were of consequence to the determination of the action more or less probable than they would be without the evidence, and for the trial court to find the evidence relevant and admissible on those grounds. *See* Tex. R. Evid. 401; *see also Janak v. State*, 826 S.W.2d 803, 805 (Tex. App.—Texarkana 1992, no pet.) ("As the refusal to take a blood test is in the nature of an incriminating act or statement, evidence of it is not admissible unless the statutory warning was given. Evidence that the warning was given is a necessary predicate to the refusal's admissibility.").

Additionally, for the same reasons that we cannot conclude that the admission of the 911 call harmed Condarco, we cannot conclude that the admission of the statutory-warning form affected Condarco's substantial rights. Given the other evidence in the record tending to show that Condarco was driving while intoxicated, particularly Wittman's testimony and the video recording of Condarco's interaction with Wittman, we have fair assurance that the admission of the statutory-warning form did not influence the jury, or had but a slight effect. *See Motilla*, 78 S.W.3d at 355. We overrule Condarco's second issue.

**Motion for directed verdict**

In her third issue, Condarco asserts that the trial court erred in failing to grant her motion for a directed verdict. In the motion, Condarco claimed that the State failed to prove that she was intoxicated.

We are to treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). Evidence is sufficient when, viewed in the light most favorable to the verdict, a rational

8

trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. We must consider all the evidence in the record, whether direct or circumstantial or properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We assume that the jury resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict, and we defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 318; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Clayton*, 235 S.W.3d at 778; *see* Tex. Code Crim. Proc. art. 38.04; *see also Delane v. State*, 369 S.W.3d 412, 418 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ("Evidence is legally insufficient when the 'only proper verdict' is acquittal.").

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code § 49.04(a). "Intoxicated" means either: (a) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (b) having an alcohol concentration of 0.08 or more. *See* Tex. Penal Code § 49.01(2). In this case, the State alleged that Condarco was intoxicated by reason of the introduction of drugs into her body.

In arguing that the evidence is insufficient to prove that she was intoxicated by reason of the introduction of drugs into her body, Condarco relies on *Smithhart v. State*, a case in which the court of criminal appeals held that the evidence was insufficient to support a finding that the defendant was driving while intoxicated because there was no evidence tending to connect the

9

defendant's symptoms of intoxication that had been observed by a witness with "a conclusion that appellant was under the influence of a drug to a degree rendering him incapable of safely operating a vehicle." 503 S.W.2d 283, 286 (Tex. Crim. App. 1973).

In this case, however, there is evidence linking the symptoms of intoxication with a conclusion that those symptoms were caused by the introduction of drugs into Condarco's body. First, Wellen testified to his observations of Condarco's driving. Specifically, Wellen testified that, after Condarco's vehicle pulled out of a parking lot, it immediately "started driving on other people's yards." Wellen added that the vehicle was "just driving erratic, going on people's yards. Every once in awhile cross[ing] the center median." After the vehicle had stopped, Wellen approached Condarco and noticed that "she was sleeping" and that, after he had awakened her, "she didn't know where she was at." Wellen could not understand what Condarco was saying to him, because she was "rambling" and her words were "just a bunch of gibber[ish]."

Next, Officer Wittman provided testimony regarding his observations of Condarco during his interaction with her. According to Wittman, he noticed that "her speech was very, very heavy and slurred and very loud. She was very loud talking." Wittman also noticed that Condarco's eyes were "bloodshot and glossy." Wittman asked Condarco if she had taken any medication, and she responded that "she had taken a bunch of medication," specifically "Abilify, another antidepressant that [Wittman] can't remember the name of, and then she also mentioned something about hydrocodone."[2] When asked why he had questioned Condarco on whether she was taking medication, Wittman testified, "Because medication can also have an intoxicating effect on the body." Wittman then proceeded to perform field sobriety tests on Condarco. Wittman testified

---

[2] There was a dispute during trial as to whether Condarco had used the word hydrocodone or hydrocortisone. In her testimony, Condarco insisted that she had said hydrocortisone.

10

that when he performed the horizontal gaze nystagmus (HGN) test on Condarco, he observed six out of six possible clues of intoxication, and, when Wittman had Condarco perform the walk-and-turn test and the one-leg-stand test, he testified that she "performed rather poorly" on both tests. In fact, on the one-leg-stand test, Wittman testified that he "had to stop the test for her safety." Wittman further testified that, based on his observations and experience, he believed that Condarco was intoxicated due to drugs. Wittman's observations were supported by the video recording of Wittman's interaction with Condarco, a recording in which, by Condarco's own admission at trial, she appeared intoxicated. Additionally, Wittman testified that Condarco had refused to provide a sample of her blood, which, the jury could have reasonably inferred, provided further evidence that she had lost the normal use of her faculties by reason of the introduction of drugs into her body.

Viewing the above evidence in its totality and in the light most favorable to the verdict, we conclude that a rational jury could find beyond a reasonable doubt that Condarco was intoxicated. Accordingly, the trial court did not err in denying Condarco's motion for directed verdict. *See, e.g.*, *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004) (holding that "substance that causes intoxication is not an element of the offense" and thus does not need to be proven by State); *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) ("Since the definition of 'intoxicated' includes 'not having the normal use of mental or physical faculties,' any sign of impairment in the appellant's ability to speak would be circumstantially relevant to whether he was legally intoxicated while driving."); *Cotton v. State*, 686 S.W.2d 140, 142 n. 3 (Tex. Crim. App. 1985) (noting that evidence of intoxication includes slurred speech, unsteady balance, and staggered gait); *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (experienced officer's testimony that person was intoxicated provided sufficient evidence to establish element of intoxication); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd)

("Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of introduction of a controlled substance or drug into his body.").[3] We overrule Condarco's third issue.

**Court costs**

The trial court ordered Condarco to pay court costs in the amount of $409.10 and a "jury trial fee" in the amount of $20.00. In her fourth issue, Condarco asserts that the evidence is insufficient to support the order to pay court costs in a specific dollar amount.[4]

Condarco does not challenge the sufficiency of the evidence supporting any particular component of the court costs assessed. Instead, her argument is premised entirely on the absence of a bill of costs in the record. *See* Tex. Code Crim. Proc. art. 103.001 ("A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost."); *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted) (holding that evidence was insufficient to support order to pay court costs in specific amount when bill of costs was not included in appellate record). Because the bill of costs was not included in the clerk's record that was initially filed with this Court, Condarco

---

[3] *See also Waller v. State*, No. 05-09-00097-CR, 2009 Tex. App. LEXIS 9338, at *7-9 (Tex. App.—Dallas Dec. 9, 2009, no pet.) (mem. op., not designated for publication) (no expert testimony necessary to support conviction for driving while intoxicated; evidence of arresting officer's experience and observations could support conviction).

[4] The State asserts that Condarco failed to preserve error on this issue. However, challenges to the sufficiency of the evidence may be raised for the first time on appeal. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (remanding case to court of appeals for consideration of claim that insufficient evidence supported requirement that defendant reimburse county for attorney fees, as mandated by bill of costs).

12

contends that we must modify the trial court's order and delete the imposition of a specific dollar amount of court costs.

However, if a relevant item has been omitted from the clerk's record, we have the authority to "direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." Tex. R. App. P. 34.5(c)(1). Accordingly, we have requested and received from the county clerk's office a supplemental clerk's record containing the bill of costs. *See* Tex. R. App. P. 34.5(c)(3) ("Any supplemental clerk's record will be part of the appellate record.").[5] All but one of the items in the bill that relate to court costs were entered on July 11, 2012, which corresponds to the date the trial court entered its order placing Condarco on community supervision and requiring her to pay court costs.[6] Those items that are dated July 11, 2012, correspond to the amount of court costs that Condarco was ordered to pay on that date, plus the $20.00 "jury trial fee." Additionally, we observe that when the trial court pronounced sentence, it stated on the record the amount of court costs that were included in the order, and that amount also corresponds to the amount of court costs specified in the bill. As Condarco has made no specific argument challenging the sufficiency of the evidence supporting any particular component of the costs assessed, we conclude that the evidence in the record is sufficient to support the total amount of court costs that Condarco was ordered to pay. We overrule Condarco's fourth issue.

---

[5] *See also Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980, at *16-*20 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. filed) (op. on reh'g) (explaining reasons why supplementation of record with bill of costs is permissible).

[6] The one item in the bill that was entered after July 11, 2012, entitled "Time Payments," is not included in the order requiring Condarco to pay court costs and thus is not included in our sufficiency analysis.

**CONCLUSION**

We affirm the order of the trial court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 27, 2013

Do Not Publish