STATE of Wisconsin, Plaintiff-Respondent,

v.

James H. LINDVIG, Defendant-Appellant.

Court of Appeals

*No. 96–0235–CR. Submitted on briefs September 6, 1996.—Decided September 30, 1996.*

(Also reported in 555 N.W.2d 197.)

For the defendant-appellant the cause was submitted on the briefs of *Michael J. Devanie* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Eich, C.J., Dykman, P.J., and Deininger, J.

DYKMAN, P.J.    James H. Lindvig appeals from a judgment convicting him of causing injury to another by the negligent operation of a dangerous weapon in violation of § 940.24, STATS. Lindvig argues that the trial court erred: (1) in denying his request for a jury instruction on the defense of mistake under § 939.43(1), STATS.; (2) in denying his motion for a mis-

trial based on the prosecutor's comment in opening statements; and (3) in admitting photographs of an arrow protruding through the victim's leg. We conclude that: (1) the defense of mistake is not available in a criminal negligence case; (2) the prosecutor's comment in opening statements was not directed at Lindvig's failure to testify; and (3) the trial court did not erroneously exercise its discretion in allowing the State to introduce the photographs. We therefore affirm.

## BACKGROUND

On November 8, 1994, James Lindvig, Duane Cina and six others were bow hunting in Richland County. The hunters were engaged in a drive, in which the drivers move the deer to the standers, who do the shooting. Cina, as captain of the standers, gave directions as to where everybody should go. He directed Lindvig, who had never hunted with the group at this location, to a stand north of the others, out of Cina's sight.

Lindvig was the last person at his site after the drive was completed, and two members of his hunting party directed him to come to the parking lot. Lindvig motioned that he had seen a buck in the brush and tall grass. One of the hunters returned a signal to Lindvig from the parking lot, intending to ask Lindvig if he had shot a deer. Lindvig nodded and, believing that he saw a buck, shot his cross-bow. His arrow pierced Cina's leg.

Lindvig did not see Cina. When Cina left the woods, he was fifty yards closer to Lindvig than when he entered the woods. Cina could see Lindvig, but did not communicate to Lindvig his position. A member of the hunting party also saw both Lindvig and Cina, but did not tell Lindvig that Cina was in the vicinity.

The State tried Lindvig for causing injury to another by the negligent operation of a dangerous weapon under § 940.24, STATS. The jury found Lindvig guilty, and Lindvig appeals.

## MISTAKE

At the jury instruction conference, Lindvig requested an instruction on the defense of mistake under § 939.43(1), STATS. Lindvig claimed that when he shot Cina, he was mistaken as to Cina's position because the path on which Cina left the woods was fifty yards closer to Lindvig than the path Cina used to enter the woods. Cina never communicated to Lindvig his changed position. The trial court rejected the request for a mistake instruction, concluding that this defense is not available in a criminal negligence case.

Lindvig argues that the trial court erred in denying his request for a jury instruction on the defense of mistake. The trial court has broad discretion when instructing a jury. *State v. Clausen*, 105 Wis. 2d 231, 240, 313 N.W.2d 819, 824 (1982). But if the court exercises its discretion based on an error of law, its conduct is beyond the limits of its discretion. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).

The defense of mistake is set forth in § 939.43(1), STATS., which provides, "An honest error, whether of fact or of law other than criminal law, is a defense *if it negatives the existence of a state of mind essential to the crime*." (Emphasis added.) Therefore, Lindvig may assert the defense of mistake if it negatives the existence of a state of mind essential to the crime for which he was charged.

104

Lindvig was charged under § 940.24, STATS., which provides, "Whoever causes bodily harm to another by the negligent operation or handling of a dangerous weapon . . . is guilty of a Class E felony." Section 939.25(1), STATS., defines "criminal negligence" as "ordinary negligence to a high degree, consisting of conduct which the actor should realize creates a substantial and unreasonable risk of death or great bodily harm to another."

In criminal negligence cases, the emphasis is on the conduct, not the actor's state of mind. *Hart v. State*, 75 Wis. 2d 371, 383 n.4, 249 N.W.2d 810, 815 (1977). Criminal negligence is distinguished from ordinary negligence "not by any different mental state on the part of the actor, but by the existence of a high probability of death or great bodily harm as measured by the objective reasonable person test." *Id.* at 383, 249 N.W.2d at 815. In *State v. Cooper*, 117 Wis. 2d 30, 344 N.W.2d 194 (Ct. App. 1983), we construed § 940.08, STATS., 1981-82, which is similar to § 940.24, STATS.,[1] in concluding that the test for criminal negligence "is purely objective. The crime is complete without criminal intent." *Id.* at 39, 344 N.W.2d at 199.

Following *Hart* and *Cooper*, we conclude that Lindvig's criminal intent is not relevant to whether he is guilty of negligent use of a dangerous weapon.

---

[1] Section 940.08, STATS., 1981-82, provides:

    (1)   Whoever causes the death of another human being by a high degree of negligence in the operation or handling of a vehicle, firearm, airgun, knife or bow and arrow is guilty of a Class E felony.

    (2)   A high degree of negligence is conduct which demonstrates ordinary negligence to a high degree, consisting of an act which the person should realize creates a situation of unreasonable risk and high probability of death or great bodily harm to another.

Rather, the relevant inquiry is whether a reasonable person, under the same or similar circumstances, would realize that the conduct creates a substantial and unreasonable risk of death or great bodily harm. Because Lindvig's subjective state of mind is not essential to the crime of negligent operation of a dangerous weapon, he cannot assert the defense of mistake under § 939.43(1), STATS.[2]

## PROSECUTOR'S OPENING STATEMENT

In opening statements to the jury, defense counsel stated, "Jim Lindvig is 44 years old. He's a disabled vietnam veteran. . . ." The prosecutor interjected: "I'm going to object to [defense counsel] testifying unless he's going to call his witness." At a hearing outside the presence of the jury, defense counsel complained that the prosecutor's objection highlighted Lindvig's failure to testify and moved for a mistrial. The trial court denied Lindvig's motion for a mistrial and sustained the prosecutor's objection, but concluded that the remark about calling a witness might be interpreted as a comment on Lindvig's failure to testify. The court admonished the jury to disregard the district attorney's remark.[3]

---

[2] When faced with the same issue, the Texas Court of Appeals came to a similar conclusion, reasoning:

> A person who acts on the basis of a negligently formed belief that turns out to be mistaken acts negligently. It is illogical to give this defense in a criminal negligence case because mistake of fact is already factored into the definition of criminal negligence. Criminal negligence is an inadvertent risk creation; it does not require consciousness of the risk but inquires of the fact finder whether the actor ought to have been aware of the risk.

*Williams v. Texas*, 680 S.W.2d 570, 579 (Tex. Ct. App. 1984).

[3] The court admonished the jury as follows:

Lindvig argues that the trial court erred in denying his motion for a mistrial. Both parties agree that it is normally error for the State to comment on a defendant's failure to testify at trial. *See Griffin v. California*, 380 U.S. 609 (1965). The issue, then, is whether the prosecutor's objection was a comment on Lindvig's failure to testify.

The test for determining whether remarks are directed to a defendant's failure to testify is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *State v. Johnson*, 121 Wis. 2d 237, 246, 358 N.W.2d 824, 828 (Ct. App. 1984). We conclude that the prosecutor's objection was not manifestly intended to be a comment on the failure of Lindvig to testify. Rather, the prosecutor was attempting to limit defense counsel's opening statement to facts that would be elicited during trial. In addition, the objection was not of such character that the jury would naturally and necessarily take it to be a comment on the failure of Lindvig to testify. Because the objection was not directed to Lindvig's failure to testify, the trial court did not err in denying the motion for a mistrial.

## PHOTOGRAPHS

Lindvig moved to exclude from evidence four photographs of the arrow piercing Cina's leg because they

Members of the jury, you are instructed that you are to disregard the remark made by the district attorney which seemed to indicate that the defendant had some obligation to give testimony. The defendant has an absolute constitutional right not to give testimony if he decides to do it or to give testimony, depending on his decision. It is not proper for the State to comment one way or another what his decision is or should be.

did not have any relevance or materiality and were inflammatory. The court granted Lindvig's motion as to one photograph, but allowed the State to introduce the other three into evidence.

Lindvig argues that the trial court erred in admitting photographs of the arrow protruding through Cina's leg. Whether photographs are to be admitted is a matter within the trial court's discretion. *Hayzes v. State*, 64 Wis. 2d 189, 198, 218 N.W.2d 717, 722 (1974). We will not disturb the court's discretionary decision "unless it is wholly unreasonable or the only purpose of the photographs is to inflame and prejudice the jury." *State v. Hagen*, 181 Wis. 2d 934, 946, 512 N.W.2d 180, 184 (Ct. App. 1994).

We have reviewed the photographs and conclude that the trial court properly exercised its discretion in allowing the photographs into evidence. The purpose of the photographs was to prove that Lindvig's actions caused bodily harm, not to inflame and prejudice the jury. The probative value of the photographs was not "substantially outweighed by the danger of unfair prejudice." *See* § 904.03, STATS.

Lindvig argues that he was willing to stipulate to bodily harm and, therefore, the photographs should not have been admitted. However, "[e]vidence is always admissible to prove an element of the charged crime even if the defendant does not dispute it at trial." *State v. Locke*, 177 Wis. 2d 590, 598, 502 N.W.2d 891, 895 (Ct. App. 1993). Bodily harm is an element of the crime for which Lindvig was charged. Therefore, the court properly exercised its discretion in admitting the photographs, even though Lindvig was willing to stipulate to bodily injury.

*By the Court.*—Judgment affirmed.